### E. C. LAAS v. ADOLPH SEIDEL.

Decided February 4, 1902.

1.—Decedents' Estates—Devisee's Right of Action.

Since the statute vests a decedent's title to his property in his heirs and devisees subject to the rights of his executors in the payment of his debts, a devisee can not maintain an action against one owing the estate to recover the amount of his devise without alleging and proving that there was no administration on the estate and no necessity therefor, or that administration had closed, or the executors had failed or refused to perform their duties. Rev. Stats., art. 1869.

2.—Same—Pleading.

A mere allegation that the decedent died insolvent is not sufficient to show a right in the devisee to maintain such suit.

**3.—Same—Cause of Action—Suit on Notes.**

Where plaintiff's action was to recover as devisee three-fifths of a note which was the property of the decedent's estate and which the surviving wife, who was devisee of the other two-fifths, had delivered to defendant, the maker of the note, upon his promise to pay plaintiff her share, the cause of action was against the estate upon the note, and not against the defendant upon such promise.

Appeal from the County Court of Austin. Tried below before Hon. John P. Bell.

*W. C. Henderson and C. G. Krueger,* for appellant.

*Searcy & Garrett* and *J. H. Shelburne,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was brought by Adolph Seidel, the appellee, against E. C. Laas, the appellant, to recover $300 out of a $500 note alleged to have been due the estate of C. W. Laas, deceased, the $300 having been devised to Nellie Seidel, wife of Adolph Seidel, by the will of C. W. Laas.

The petition alleged that plaintiff's wife was the daughter of C. W. Laas, deceased, and that appellant was his son. That C. W. Laas died November 16, 1899, leaving a will which was duly probated. That at the death of C. W. Laas appellant was indebted to his father in the sum of $500, evidenced by a promissory note payable to his father. Its date was alleged to be unknown, but it was averred to be past due at the date of the institution of this suit. That deceased by the terms of his will bequeathed to the wife of plaintiff $300 to be paid out of said note, the remaining $200 to be paid to Marie Laas, the surviving wife of deceased. That at the time of the death of C. W. Laas the note was in the possession of Marie Laas, his wife. That defendant, designing to get possession of the note and defraud plaintiff's wife out of the $300, falsely represented to Marie Laas that if she would surrender the note in question to him he would pay plaintiff's wife the amount due out of the note. That thereupon the note was delivered to him and he has refused to pay plaintiff's wife the sum named. That neither plaintiff nor his wife knew of the surrender of the note nor did they consent thereto.

There is an allegation that the estate of C. W. Laas was solvent, but no allegations are present to the effect that no administration is pending and none necessary, nor any other allegation which would authorize the maintenance of the suit in their own right. Neither of the executors named in the will were made parties as such.

Defendant's answer contained general and special exceptions. He also pleaded in bar that the estate of his father was indebted to him, specifying the amounts, and that this and certain credits on the note in question were sufficient to discharge the indebtedness to the estate. He further alleged that Mrs. Marie Laas had surrendered the note to

him in consideration of the fact that it had been discharged by reason of the above mentioned items and credits. She was made a party to the suit on the prayer of defendant and he sought judgment against her in case judgment should be rendered against him. He pleaded the statute of limitations also in bar of plaintiff's suit. Mrs. Marie Laas appeared and answered by general denial.

The court overruled defendant's exceptions to the petition, sustained plaintiff's exceptions to the answer, and struck out all of the answer except the general denial and plea of limitation. Mrs. Marie Laas was dismissed from the suit over defendant's objection.

A trial by jury resulted in a verdict and judgment for plaintiffs for $300 and interest. From this judgment defendant prosecutes this appeal.

The action of the court in overruling defendant's general demurrer and first and second special exceptions is assigned as error. Appellant by the first special exception questioned the sufficiency of the petition, because it appeared from its allegations that the cause of action was not against defendant but against the estate of C. W. Laas.

We are of opinion the exception should have been sustained. While it is true that upon the death of a person the title to his property vests at once in his heirs or the devisees under his will, it is also true that this title is subject to the rights of the administrator or executor to subject the property to the payment of the debts of decedent and the expenses of administration. Rev. Stats., art. 1869. For this purpose he had the right to the possession of the estate as against the heirs or legatees. Hence the rule that an heir or devisee can not maintain an action for recovery of property belonging to the estate unless it is alleged and proved that there were no debts and no necessity for administration, or that administration had closed, or that the suit was necessary to the preservation of the estate and that the executor or administrator had failed or refused to discharge his duty. Richardson v. Vaughan, 86 Texas, 93; Northcraft v. Oliver, 74 Texas, 163; Lee v. Turner, 71 Texas, 264; Webster v. Willis, 56 Texas, 471.

Here none of these allegations are present, the proof is silent upon the question, and we understand this objection to be involved in the exception urged.

There are two apparent reasons why the suit should not be permitted to proceed in its present form: (1) The judgment rendered would not be a bar to a suit by the executors for the collection of the note; and (2) to permit the judgment to stand, Mrs. Marie Laas not being a party, would perhaps have the right to subject the defendant to a second suit for her $200 interest in the note. It is true under the facts of this case she might be estopped to maintain a second suit, having suffered a dismissal from this suit without objection and having testified that she had given defendant her interest in the note. But the fact remains that she answered by general denial and that the judgment on its face does not bind her.

If it be true, as alleged, that defendant obtained the surrender of the note by Mrs. Marie Laas on a promise to pay to plaintiff's wife her interest therein as fixed by the will, these facts did not change the nature of the defendant's liability to the estate. The note was but the evidence of his indebtedness to the estate, and the surrender thereof by the widow of deceased did not extinguish his liability. The executor might still have recovered the whole amount. It does not appear from the allegations that the widow acted in her capacity as survivor, nor could she have exercised her rights as such, having accepted under the will. If the facts existed rendering necessary an administration or the handling of the estate by the executors for the payment of debts, the alleged transaction between defendant and the widow of deceased was without force. The suit having been brought before the time for administration expired, a necessity for administration is presumed unless the contrary be alleged and proved. The mere allegation that C. W. Laas died solvent does not meet this requirement. We think the court erred in refusing to sustain the exception.

It is contended, however, that this suit is not upon the note, but upon the alleged promise of defendant made to Mrs. Marie Laas to pay $300 of the note to plaintiff's wife. In the first place we do not regard this as a proper construction of the pleadings. The allegation was that neither plaintiff nor his wife assented to or approved the alleged transaction. The note itself was still evidence and the best evidence of the debt. This was recognized by plaintiff in his allegation that the note was in the hands of defendant, and unless produced, secondary evidence of its contents would be used; and in the second place the defendant had the right, as above shown, to resist a recovery by plaintiff unless the right to sue in such a way as to bind the estate and discharge him fully and finally from liability on the note had been averred.

If there is in fact no necessity for administration, the proper practice would seem to be for plaintiff to sue on the note and allege the necessary facts, making the widow to whom the will devised the balance of the note a party defendant. In such a case the judgment would be a complete protection to defendant against further litigation on the note.

In such a suit his liability would be upon the note. The right of plaintiff to maintain the suit would rest upon the terms of the will and the absence of necessity for administration. The alleged promise to Mrs. Laas to pay to plaintiff's wife the $300 bequeathed to her would be evidence of his liability on the note and would strongly tend to rebut defendant's allegation that the note had been discharged. The promise would not serve as an independent basis for the suit, for Mrs. Marie Laas, though in possession of the note, was at no time liable for the bequest. It had at no time been her duty to enforce the collection of the note. Should the note prove valueless by reason of the insolvency of defendant or by reason of being barred by limitation the bequest to plaintiff's wife would be worthless. Against the suit brought by plain-

tiff in the form suggested, the plea of payments, credits, and offsets would be as effective as if interposed against the executors themselves. Of course if there was no liability to the estate there could be none to the legatees.

. This brings us to a consideration of the assignment that the court erred in sustaining exceptions to defendant's plea of offsets, payments, and credits. If the offsets appeared on the face of the answer to be barred by limitation or were not properly itemized, the exception was properly sustained. It is not necessary for us to pass upon these questions. They can be determined upon another trial under well settled rules of law, and if the pleas in their present form are not sufficiently specific the defect will doubtless be cured by amendment.

We can imagine no state of facts under which the defendant would be entitled to recover over against Mrs. Marie Laas under the pleadings as they stand. But in any event the court erred in dismissing Mrs. Marie Laas from the suit for the reasons given in a previous part of this opinion.

We do not deem it necessary to consider the remaining assignments. They present no error likely to occur on another trial. For the errors indicated the judgment is reversed and the cause remanded, so that plaintiff by proper amendment may allege the facts (if they exist) which will authorize him to maintain the suit.

The motion to dismiss appeal because the judgment does not dispose of all the parties was taken with the case. Mrs. Laas, the party not disposed of by the terms of the judgment, appears by bill of exception to have been dismissed from the case. The motion was therefore overruled.

*eversed and remanded.*

### ON MOTION FOR REHEARING.

At a former day of this term the judgment in this case was reversed and the cause remanded, principally for the reason that it appeared to be a suit by a legatee under a will and the petition did not contain an allegation that there was no administration on the estate of the deceased and none necessary. 4 Texas Ct. Rep., 36.

Appellee in the motion for rehearing contended that the defect complained of could not be reached by general demurrer and appellant had not sought to raise the question otherwise. We certified the question to the Supreme Court and their answers uphold our disposition of the case. 4 Texas Ct. Rep., 82.

The motion for rehearing is therefore overruled.

*Overruled.*