McMAHAN v. McMAHAN et al.  (No. 7262.)†

(Court of Civil Appeals of Texas. Dallas. March 13, 1915. Rehearing Denied April 10, 1915.)

1. EXECUTORS AND ADMINISTRATORS ⬩7—INDEPENDENT ADMINISTRATION.

An executor, acting under an independent administration, is free from the control of the probate court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20; Dec. Dig. ⬩7.]

2. EXECUTORS AND ADMINISTRATORS ⬩7—INDEPENDENT ADMINISTRATION — STATUTE.

To create an independent administration under Rev. St. 1911, art. 3362, the intent of the testator must govern, and the language of the will must clearly evidence such intention.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20; Dec. Dig. ⬩7.]

3. EXECUTORS AND ADMINISTRATORS ⬩7—INDEPENDENT ADMINISTRATION—CREATION.

Where a will provided that the executors should act without bond and have power to do all things in settling up the estate, including the power to sell real estate, and should hold the property together and maintain testator's minor children, an independent administration was not

created, and the probate court had jurisdiction of proceedings involved in the administration.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 19, 20; Dec. Dig. ⬩7.]

4. COURTS ⬩472 — STATE COURTS — TEXAS — COUNTY COURTS.

The county court has exclusive jurisdiction in proceedings to recover the homestead or allowance in lieu thereof, and also to partition and distribute real estate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. ⬩472.]

5. COURTS ⬩163 — STATE COURTS — TEXAS — COUNTY COURTS.

Const. art. 5, § 8, gives the district courts exclusive jurisdiction of all suits for the trial of title to land and the enforcement of liens thereon. A widow, who contested her husband's will, which devised to her no part of the estate, and asserted an interest in his realty and personalty, entered into a compromise agreement whereby, in consideration of a cash payment, she conveyed to the executors her claimed interest in the realty and personalty. Held, that the county court was without jurisdiction of a suit to set aside the compromise agreement, as it involved setting aside a conveyance of an interest in land.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410, 411, 443, 479, 1294; Dec. Dig. ⬩163.]

Appeal from District Court, Hill County; Tom L. McCullough, Presiding Judge.

Action by Nora M. McMahan against E. K. McMahan and others, begun in county court and appealed to district court. From a judgment for defendants, plaintiff appeals. Corrected and affirmed.

N. J. Smith, of Hillsboro, and Stanley Boykin, of Ft. Worth, for appellant. R. M. Vaughan, of Hillsboro, for appellees.

RASBURY, J. This case originated in the county court, and was thence appealed to the district court, where exceptions were sustained to the appellant's petition and the suit dismissed. Due to such action in the district court, brevity will be attained and the issues better understood by stating, first, the substance of the facts constituting appellant's cause of action, as disclosed by her original petition and the supplement thereto, the essential portions of which, in our own language, are as follows: Appellant was the second wife of A. H. McMahan, who died in August, 1910, possessed of an estate of the value of about $100,000, and who left surviving him appellant, his widow, and six children, the appellees, all the issue of his first marriage. By a will executed before McMahan's marriage with appellant, he bequeathed his entire estate to his children, naming three of his children (appellees) Emmett, Waul, and Earl executors under the will. The will was offered for probate, which appellant contested on the ground that the will offered had been revoked by a subsequent one which had been lost or destroyed. The will was admitted to probate in the county court. An appeal was taken to the

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.

district court. There was trial before jury, resulting in a disagreement. After the mistrial in the district court, and on March 4, 1911, a compromise settlement of their differences was had between appellant and appellees, by which appellant received from the estate $2,600, and executed an agreement in writing by which, in consideration of the payment of the sum named, she agreed that the will should be probated and relinquished, as well her entire interest in the estate of her deceased husband, including any allowance for a year's support and maintenance, her homestead rights, and any allowance in lieu thereof, or other exemptions, and on said March 4, 1911, the will was admitted to probate in the district court of Hill county. The will so admitted to probate is as follows:

"Whitney, Texas, July 6, 1909.

"Being on the eve of leaving for California and knowing that I may possibly never return, I make this, my last will and testament revoking any previous will or declaration that I may have made. In case of my death I direct that Emmett, Waul and Earl shall take charge of everything belonging to me or their mother as fully as I could do, without bond of any sort, and manage as to them seems best, with power to sell real estate. I direct that it be held together, and the proceeds be used for the maintenance of Lewis, Oliver, Walter and Lena, till the boys shall attain to their majority, at which time I want first—that they shall deed to Lena, in fee simple, a small home, such as the one now occupied by O. B. Carver, and that she receive in addition thereto, one thousand dollars. After paying my debts then divide the remainder among you, one-sixth to each of you; out of the insurance money liquidate the annuity to Hu Gilbert of twelve thousand dollars—remember the Dickinson property belongs one-half to me, the other to Josie's children, one share, Warren Gilbert, one share, Sallie's boy, one and one-half shares, making the other half of seven shares.

"The Beaumont property owes me first about five hundred dollars, paid out for taxes, and lawyers' fees—after which is owned by Warren, Josie's children, Frank one-eighth, Sallie's boys one-eighth and the balance to me—understand that the way I own these shares in these properties is, that I bought and paid for these other interests, John's, Lee's and Hardie's. Now, finally I say to you be men in every sense of the word, never too proud to right a wrong, never too cowardly to submit to oppression. If you accept a trust have the courage to execute it. Never forget to be gentlemen and believe that God is over all—expect that I will have accident insurance and inquire.

"Good-bye. Your father, A. G. McMahan."

On December 17, 1912, 21 months after the will was admitted to probate, appellant filed in the county court of Hill county an application for an allowance out of the estate of her deceased husband, for a year's support and maintenance, and an allowance in lieu of exempt property which she did not receive and in lieu of a homestead, reciting that while her husband left a homestead which they were occupying at his death, the same could not be set aside to her, for the reason that it was the community property of deceased and his first wife, who died intestate. Such allowances as a whole would reasonably have been $6,500. The compromise settlement by the allegations of the application was fraudulently obtained and signed by appellant in ignorance of her rights. She did not discover the fraud until shortly before filing her application. By supplemental petition appellant admitted the execution of the agreement of compromise, which was pleaded in hæc verba, by appellees. The agreement, which takes the form of a conveyance of real estate and is acknowledged in the manner provided for acknowledging deeds, is lengthy, and we will not attempt to state it in full. It recites the will and its offer for probate and appellant's contest thereof, and that in said contest she claimed of the estate of the deceased one-third of his personal property and an estate for life in one-third of all lands owned by the deceased, as well as an allowance of $1,000 for a year's support and maintenance, the use of certain property belonging to said estate exempt by law, and the family homestead, or an allowance of $5,000 in lieu thereof. The agreement further recites the trial of the contest in the county court, resulting in judgment sustaining the will, appeal to the district court, where the case was then pending, and an agreement with the executors. The instrument concludes with the recitation that, in consideration of the payment to appellant of $2,633.33 by the executors and the payment of the costs of the litigation, appellant does "bargain, grant, sell and convey" to the executors all of her "right, title, interest and claim of whatever character, kind, quality or quantity, in and to all or any portion of the real and personal property constituting the estate of the said McMahan, deceased, owned and possessed by him at his death, * * * including my claim for a year's allowance for support and maintenance, homestead claim and claim for exemption, * * * and here withdraw any and all contest heretofore filed by me against admitting to probate the above described instrument as the last will and testament of the said McMahan." This grant was followed by the usual habendum, which in turn was succeeded by special warranty of title, and the execution of which, as we have said, was acknowledged in the manner and form provided for the acknowledgment of deeds. Upon the facts alleged by the pleading stated the district judge sustained a general demurrer and certain special exceptions, all of which challenged the jurisdiction of the county court.

[1-3] The first ground urged in support of the action of the court is that the will created an independent administration. In that connection it is settled law that an executor, acting under an independent administration, is, in the settlement of his testator's estate, free from the control of the probate court. Runnels v. Runnels, 27 Tex. 516; Holmes v. Johns, 56 Tex. 52; Jerrard v. McKenzie, 61 Tex. 40; Haby v. Fuos, 25 S. W. 1122; Roy v. Whitaker, 92 Tex. 355, 48 S. W. 896, 49

S. W. 367; Bente v. Sullivan, 52 Tex. Civ. App. 454, 115 S. W. 350. The question then arises, under the issue raised, did the will of McMahan create an independent administration? We conclude that it did not. The will directs that the testator's three sons "shall take charge of everything belonging" to the estate as completely as the testator could do and manage the same as they deemed best, coupled with the "power to sell real estate," and shall do the things enumerated, "without bond of any sort." Much has been written upon the issue here involved, from which may be deduced as applicable to the present case the general rule: (1) That the intention of the testator, ascertained from the entire instrument, shall govern; and (2) that it is essential that the language used by the testator as the basis for creating an independent administration under authority of the statute (R. S. 1911, art. 3362) must clearly evidence such intention; and (3) when the language relied on is in that respect doubtful, the doubt should be resolved in favor of the jurisdiction of the probate court. Hughes v. Mulanax, 105 Tex. 576, 153 S. W. 299, and cases cited. In consonance with the general rules stated it has been held that a direction by the testator in his will that bond should not be required of his executors, but silent as to the mode of otherwise administering his estate, did not establish an independent administration. Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486; Gray v. Russell, 41 Tex. Civ. App. 526, 91 S. W. 235. A provision in a will that the executor shall act as such "without bond * * * and have power to do all things in settling up" the estate as directed was held insufficient to deprive the probate court of its supervisory jurisdiction, since that court would still have power to pass upon and allow claims, direct their payment, approve final settlements, and distribute the estate. Berry v. Hindman, 129 S. W. 1181. The case cited also holds that authority to sell all or any portion of the estate does not create an independent administration, as does also the case of Allen v. Reilly, 131 S. W. 1152. No more than is contained in the cases cited is found in the will under consideration, and we can add nothing by way of emphasis to the discussion, except to say that if it had been the desire of the testator to deprive the probate court of all character of supervision, the testator would, in his own words, have made that desire as clear as he did the fact that his three sons should act as executors without the necessity of giving bond. The direction to sell property, in our opinion, throws no additional light on the testator's intention, nor is it persuasive of an intention to create an independent administration, since the executors are directed to hold the estate together and use the proceeds for the maintenance of certain of his children until they attain majority, at which time a portion thereof shall be set aside to Lena, a beneficiary, and that then the same, after paying his debts, shall be divided equally among all his children. These provisions, to be sure, contemplate that it may be necessary to sell portions of the estate, notably to maintain the minor children and pay his debts, but it is equally clear that such provision cannot be used as a basis for the conclusion that such sales should not be made in the manner provided by law. To so hold would be to ingraft upon the direction to sell a further direction not fairly deducible from the language. We accordingly conclude that want of jurisdiction of the probate court cannot be sustained on the ground that the will created an independent administration.

[4, 5] It is next urged, in support of the action of the district judge in the respect stated, that the county court, where the proceeding originated, was also without jurisdiction of the subject-matter of the proceeding, for the reason that one of the purposes of the suit was to cancel for fraud an instrument conveying title to land. The conveyance sought to be canceled did convey an interest in land, and that fact is, in effect, conceded by counsel for appellant, but it is urged that, the primary purpose of the application being to recover certain allowances, etc., surrendered by the fraud of appellees, she was entitled to cancel the agreement incidental to such primary purpose. We think not. When unmixed with other issues, the county court, pending administration, unquestionably has exclusive jurisdiction in proceedings to recover the homestead, or allowances in lieu thereof, etc., and to partition and distribute the estate. McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434. Incidentally a different rule prevails when the administration is independent as noted in the first division of this opinion. Here, however, an entirely dissimilar situation is presented. During the progress of the contest of the testator's will, which devised no portion of the testator's estate to appellant, and in which appellant, as the testator's surviving wife, asserted an interest in the realty, personalty, and claimed certain statutory allowances, a compromise was reached, by which appellant, in consideration of $2,-633.33⅓ conveyed to the executors of the estate her claimed interest in the realty and personality and released her claim for the allowances. The instrument stands as a whole until canceled and, if canceled, must be canceled as a whole, from which it certainly follows that to cancel it is to set aside a conveyance of interest in lands. While the relief sought ultimately is something which may be properly done by the probate court, yet before that court may exercise its authority over the ultimate object, it must first do that which it may, in no event, lawfully undertake to do, since "all suits for the trial of title to lands, and for the enforcement of liens thereon," are, by article 5, § 8, of the

·Constitution, exclusively cognizable in the ·district courts. The bare language of the constitutional provision ought to afford sufficient authority for denying the county court .jurisdiction of this proceeding, in view of the terms and provisions of the instrument ·sought to be canceled, but if judicial construction, based upon fact cases, can add force to the constitutional provision, decisions that are analogous may be found. It has been held, where one heir, who claimed to have .acquired the title of another heir to certain ·of the lands of the estate pending administration and which the other heir disputed, that the probate court could not adjudicate the merits of the titles asserted by the respective claimants. Altgelt v. McManus, 30 Tex. Civ. App. 382, 70 S. W. 460. We can see little, if any, distinction between the authority of the probate court to determine the merits of titles claimed by certain heirs to property in process of administration and the authority of that tribunal to determine that a title acquired by one heir from another while the estate is in process of administration is not a good title because secured by fraud. It has been determined that the county court is without jurisdiction to entertain a suit by a surviving wife to cancel for fraud a postnuptial agreement relating to the lands of the deceased, even though the estate of her deceased husband should, at the time of the filing of such suit, be in process of administration in the county court. Groesbeck v. ·Groesbeck, 78 Tex. 664, 14 S. W. 792. If postnuptial agreements with reference to ·or conveyances of lands may not be canceled for fraud in the county court while the ·estate is in course of administration, it is ·equally clear that those made during the progress of the administration stands on no ·different footing. We are further of opinion that this controversy is not controlled by those cases which permit the county court to incidentally inquire into the status of the title to lands in order to determine the right to recover in a cause of action dependent up·on ownership of land, of which City of Vic·toria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681, is typical. As said in the case cited, ·such incidental inquiry into ownership "does not adjudicate or settle the title to the land, nor the right to recover it." It will not be ·denied that if the conveyance under discussion was canceled, it would hardly be less than an adjudication of appellant's "right to recover" the interest in the land therein conveyed upon proper pleading. We conclude that the county court was without jurisdiction to entertain this proceeding, and that the district court properly refused to enter·tain the same.

Our attention has been called to the fact that in the trial court there were two judgments entered, from one of which it may be ·inferred that there was an adjudication up-

on the merits of the issues presented by appellant's application. The judgment in that respect is erroneous, and said judgment in that respect is corrected and reformed so as to provide that the case is dismissed from the district court of Hill county, and, as corrected, said judgment is affirmed.