**KIBBY et al. v. KESSLER et al. (No. 6427.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1920. Rehearing Denied Dec. 1, 1920.)

**1. Appeal and error ⬤⟿759—Assignments, not copied in the brief, will not be considered.**

As rule 29 (142 S. W. xii) for Courts of Civil Appeals requires assignments of error to be copied in the brief, assignments not so copied will not be considered.

**2. Evidence ⬤⟿568(4) — Jury not bound by opinion evidence of parties.**

In a suit to set aside a conveyance made by decedent in consideration of support during the rest of his life, the jury are not bound to accept defendants' statements as to the value of the support furnished; it being the mere opinion of interested parties, but may apply their general knowledge as to the matter.

**3. Deeds ⬤⟿203 — In action for cancellation, deed of rescission admissible.**

In an action by heirs of a decedent to set aside a conveyance to two of his children on the ground that it was induced by undue influence, etc., a deed of rescission, thereafter executed by deceased, is admissible in evidence.

**4. Appeal and error ⬤⟿766—Poorly briefed assignment will be considered, where error is obvious.**

Though an assignment of error was poorly briefed, yet where the error was obvious, it will be considered.

**5. Descent and distribution ⚖︎90(1)—Conveyance of ancestor may be set aside by heirs regardless of debts.**

The jurisdiction of the district court over a suit to cancel a conveyance of land, brought by some of the heirs against those to whom deed was made by the ancestor, is not dependent on proof that there were no debts against the estate.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by Nellie A. Kessler and others against Alice M. Kibby and another. From judgment for plaintiffs, defendants appeal. Reformed and affirmed.

N. O. Green and T. F. Mangum, both of San Antonio, for appellants.

T. H. Ridgeway, of San Antonio, for appellees.

MOURSUND, J. George Meredith had six children, namely, Alice M. Kibby, Caroline W. Sherman, Nellie A. Kessler, Joe Meredith, Geo. H. Meredith, and Alford Meredith. Alford died, leaving two sons, minors at the time of this suit. The wife of George Meredith died March 20, 1907, and he died March 12, 1917. On February 19, 1910, he conveyed to Alice M. Kibby and Mrs. Sherman certain property, by a deed containing a provision that the grantees should furnish him a home and board, and care for him during his lifetime, and containing the further provision that—

"In case said grantees, or either of them, fail to keep and perform the foregoing covenants, then I may, at my option, rescind this sale, as to the one or ones so failing to keep and perform said covenants."

This suit was instituted by the heirs above mentioned, other than the grantees in said deed, to cancel said deed upon various grounds, which, together with the issues made by the answer, will be disclosed by the special issues, submitted to the jury, which together with the answers thereto are as follows:

"Question No. 1: Did George Meredith, now deceased, at the time he signed the deed of date February 19, 1910, possess sufficient mental capacity to execute the same as the term, 'mental capacity' is above defined. Answer by saying either He did or He did not. Answer: He did not.

"Question No. 2: Did either of the defendants, Alice M. Kibby and Caroline W. Sherman, at the time of or prior to the time of the execution of said deed by said George Meredith, exercise 'undue influence' over the mind of the said George Meredith in the matter of the execution of said deed, as the term 'undue influence' is above defined? Answer by saying Yes or No, according as you may find. Answer: Yes.

"Question No. 3: Is said deed to said defendants the result and product of such undue influence, if any? Answer It is or It is not. Answer: It is.

"Question No. 4: Did the defendant Alice M. Kibby, or she and her husband (in so far as the said George Meredith would permit), comply with and perform her part of all the covenants above recited? Answer Yes or No, as you may find. Answer: No.

"Question No. 5: Did the defendant Caroline W. Sherman, or she and her husband (in so far as the said George Meredith would permit), comply with and perform her part of all the covenants above recited? Answer Yes or No, as you may find. Answer: No.

"Question No. 6: What amount of rents have the defendants collected from tenants of said property since the demise or death of said George Meredith? State in dollars or dollars and cents. Answer: $990.00.

"Question No. 7: What amount of money have the defendants paid for the care, preservation, and improvement of said property since the demise of said George Meredith? Answer: $365.16.

"Question No. 8: What amount of rents did the defendants collect from the tenants of said premises after the time of the execution of the deed dated February 19, 1910, and up to the time of the death of said George Meredith? Answer: $1,536.00.

"Question No. 9: What amount of money did the defendants expend in the care, preservation, or improvement of said property after February 19, 1910, and up to the time of the death of said George Meredith?' Answer: $809.98.

"Question No. 10: What was the reasonable value per month of the board and personal care furnished said George Meredith by the defendants after the date of the deed dated February 19, 1910, and up to the time of the death of said George Meredith? Answer: $14.00.

"Question No. 11: Did the said George Meredith, deceased, after the institution of the suit in the Fifty-Seventh judicial district court, styled, 'G. Meredith v. A. M. Kibby et al.,' and numbered B–7437, return to the homes of the defendants with an understanding on the part of said Meredith and the defendants that said Meredith would thereafter live with defendant under the terms and conditions as provided in said deed of date February 19, 1910? Answer: He did not.

"Question No. 12: Did the said George Meredith, by returning to the homes of the defendants after the institution of the suit in the Fifty-Seventh district court aforesaid, intend thereby to waive any right on his part to the rescission of the deed of date February 19, 1910?" No answer.

"Question No. 13: Sec. (a). What amount of money did the defendants expend for wearing apparel and for medicine or medical bills for the said George Meredith after February 19, 1910, and up to the time of his death? Sec. (b). Were all such items of expense expended for necessaries for said George Meredith? To which the jury answered: (a) $111.53. To which the jury answered: (b) Yes."

Judgment was entered, canceling the deed and establishing and decreeing the interests

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the various parties in the real estate; also finding that upon a balancing of the various items involved the defendants held $231.33 belonging to all the heirs. The decree also provided for a sale of the property, and directed that the two-sixths interest owned by the defendants should be charged with $154.22, being the proportionate part of said $231.33, to which the plaintiffs were jointly entitled.

[1] Rule 29 for the Courts of Civil Appeals (142 S. W. xii) provides that the assignments of error shall be copied in the brief. This provision has been flagrantly violated in briefing this case in so far as assignments 2, 3, 4, and 9 are concerned, and said assignments will not be considered. Mansfield v. Mansfield, 198 S. W. 169, and cases therein cited.

[2] The finding of the jury in answer to question No. 10 is attacked as contrary to the undisputed evidence. It is true that appellants in their testimony stated that the value of their services was $35 per month. This testimony being given only by the interested parties, the jury was not required to accept it as true, and appellants by confining themselves thereto took the risk of having it rejected. Besides, it was merely the opinion of said parties, to which the jury could apply their general knowledge in view of the conflict in the evidence with respect to the nature of the care and attention furnished by appellants.

The first assignment is overruled.

[3] We find no merit in the contention that the deed of rescission, executed by George Meredith on October 5, 1912, was inadmissible, and overrule the fifth assignment.

We conclude that the answers to questions 5 and 11 are not supported by evidence. Assignments 7 and 11 are therefore sustained.

By the sixth assignment it is contended that the answer to the second question is not supported by any evidence. We cannot sustain this contention. The evidence is not very satisfactory, but it cannot be said that there is no evidence which would justify an inference of the exercise of undue influence. The sixth assignment is overruled.

[4] By the eighth assignment complaint is made of the findings of the jury with respect to the amount of rents received. This contention is poorly briefed, but we conclude that it should be considered in view of the fact that it is made manifest that error has been committed. We find no evidence sufficient to show any error in the account book introduced in evidence, and testified to be correct by Mrs. Sherman. We find that the receipts shown in the account total $1,985.84, and that in addition $216 was received as rent for the Austin Street house, making $2,201.84 in all.

[5] The tenth assignment reads as follows:

"The court erred in refusing to grant a new trial, because it appears from the undisputed evidence that the estate of Geo. Meredith is liable and bound for his burial expenses in about the sum of $100, and there is no finding of the jury upon the issue as to whether there is any necessity for administration, and the judgment fails to dispose of such indebtedness, and cannot dispose of same, for the reason that there is no pleading or findings of the jury on which to base the judgment."

This assignment is submitted as a proposition, but it is far from clear what contention is relied on. If it was necessary for plaintiffs to show the payment of the funeral expenses, they discharged such burden, for Mrs. Sherman testified that the appellants paid the same, and no one denied it. The evidence disclosed no claims against the estate other than those held by appellants. It is true that appellants in their pleading did not mention the funeral expenses, although they appear to have been listed in their expense account attached as an exhibit. Their failure to plead same doubtless explains the court's failure to allow the same in the accounting.

The jurisdiction of the district court of a suit to cancel a conveyance of land, brought by some of the heirs against those to whom the deed was made by the ancestor, is not dependent on proof that there are no debts against the estate. Groesbeck v. Groesbeck, 78 Tex. 665, 14 S. W. 792.

It is contended that the answer to question No. 1, relating to mental capacity, is contrary to the preponderance of the evidence. We conclude that the evidence is sufficient to support the finding, and therefore overrule the twelfth assignment of error.

In view of the fact that we have found that appellants received $92.83 less than they paid out for expenses of maintaining and caring for the property, doctors' bills and medicine, we conclude that the recovery of $154.22 in favor of appellees should be eliminated from the judgment, and, in lieu thereof, the appellants should be awarded a recovery against appellees of four-sixths of $92.83, namely, the sum of $61.88, and the judgment changed so as to provide that said sum shall be paid to appellants out of the four-sixths interest of appellees in the proceeds of the sale of the property. It is accordingly decreed that judgment be reformed as above indicated, and that in all other respects it be affirmed.

Judgment reformed and affirmed.