**JOHNSON et ux. v. UNION NAT. BANK OF HOUSTON. (No. 8226.)**

(Court of Civil Appeals of Texas. Galveston. May 3, 1922. Rehearing Denied May 25, 1922.)

1. **Appeal and error** ⊛➾917(2)—**Demurrers or special exceptions presumed waived, where not shown to have been passed on by trial court.**

Where there is nothing in the record to show that demurrers or special exceptions were passed on by the trial court, it will be presumed that they were waived.

2. **Descent and distribution** ⊛➾89—**Heirs suing decedent's estate must allege and prove no administration pending or necessary.**

In suits by heirs to recover property or effects belonging to a decedent's estate, it is necessary to allege and prove that no administration was pending or necessary.

Appeal from Harris County Court; John W. Lewis, Judge.

Suit by Nicholas Johnson and wife against the Union National Bank of Houston, in which Virginia Johnson and others were made parties defendant. Judgment for defendants, and plaintiffs appeal. Affirmed.

Taliaferro & Sonfield, of Houston, for appellants.

Andrews Streetman, Logue & Mobley, and M. E. Kurth, all of Houston, for appellees.

LANE, J. This suit was brought by Nicholas Johnson and wife, Easter Johnson, father and mother, respectively, of one Earnest Johnson, deceased, to compel the Union National Bank to pay over to them $400.55 which the said Earnest Johnson had on deposit with the bank at the time of his death.

The plaintiffs alleged that they were the parents of Earnest Johnson and entitled to the estate left by him, and that the bank had refused, after demand made therefor, to pay them the aforesaid deposit.

The Union National Bank, hereinafter called the bank, answered by general demurrer, general denial, and alleged that it had paid the money sued for to one Virginia Johnson, who was the only party entitled to the same, and that the plaintiffs had no interest therein.

The bank also alleged that after the death of Earnest Johnson, and before it paid the money to Virginia Johnson, she, the said Virginia Johnson, as principal, and Joe Cohen and H. E. Lee, as sureties, executed and delivered to it a certain bond or indemnity agreement whereby they agreed and bound themselves to fully indemnify it against loss, liability, cost, or expense, including attorney's fees, that it might suffer by reason of paying said money over to Virginia Johnson;

---

⊛➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the bond being attached to said answer and made a part thereof.

The bank made the parties executing the bond parties to the suit and prayed that if for any reason it should be held that Virginia Johnson was not entitled to receive the money and judgment should be rendered against it, then that it should have judgment for the same sum against Virginia Johnson, Joe Cohen, and H. E. Lee upon the bond hereinbefore described.

Virginia Johnson answered by general demurrer, general denial, admitting, however, the execution of the bond as alleged by the bank, and specially pleaded that she was duly married to Earnest Johnson on the 26th day of December, 1916; that Earnest Johnson died on the 13th day of March, 1919, intestate and without issue, leaving in said bank the deposit in controversy; that she was at the time of the death of Earnest Johnson his wife; that said money on deposit was the community property of herself and Earnest Johnson; and that she was entitled to receive the same from the bank. She further says that in the event it should, for any reason, be held that she was not the legal wife of Earnest Johnson, deceased, then in that event she says that she is entitled to said money as the putative wife of Earnest Johnson, deceased, as she married him in good faith and believed that she was his legal wife. She also alleged that after the death of Earnest Johnson, and after she had been paid the money by the bank, she paid out of such sum so paid to her certain debts incurred by the deceased during the time she and he lived together as husband and wife to the amount of $125.50, and that she also paid out of such sum of money $175 for the funeral expenses of the deceased. Further pleading, she says that if for any reason or in event it should be held that she was not entitled to the whole of said sum so paid over to her, then and in that event at least one-half of said money so on deposit with the bank in the name of Earnest Johnson was her property, it having been earned by and through the mutual efforts of herself and the said Earnest Johnson, and that out of the money so paid over to her the sum of $300.50 was paid by her to parties holding valid claims against the estate of Earnest Johnson, deceased, as hereinabove alleged, such being a sum greater than the one-half interest of the estate of said Earnest Johnson, deceased, in and to the total sum.

Defendants Cohen and Lee adopted the answer of Virginia Johnson, and prayed that, if judgment should be rendered against them, then that they may have judgment over against Virginia Johnson for a like sum.

By supplemental petition plaintiffs specially excepted to so much of the answers of the defendants as set up sums paid out by Virginia Johnson for debts and funeral expenses, because the same presents no defense to plaintiffs' cause of action. Replying further to the answers of the defendants, the plaintiffs say that at the time Virginia Johnson and Earnest Johnson were married, Virginia Johnson had a husband then living in the state of Louisiana, from whom she had not been divorced, and therefore she was not the wife of Earnest Johnson, and had no right, title, or interest to the money in controversy or any part thereof.

During the pendency of the suit Virginia Johnson married one Walter Williams, who was, upon the suggestion of the bank, made a party pro forma with his wife. This defendant adopted the answer of his wife.

[1] There is nothing in the record to show that the demurrers or special exceptions of any of the parties were passed upon by the trial court, and therefore it will be presumed that all of them were waived.

The cause was tried before the court without a jury, and judgment was rendered for the defendants. The plaintiffs have appealed.

Included in the findings of fact and conclusions of law of the trial judge, among others not necessary to be stated, are the following: That the plaintiffs are the father and mother, respectively, of Earnest Johnson, who died on the 13th day of March, 1919, intestate and without issue; that Virginia Williams (formerly Virginia Johnson) was lawfully married in the state of Louisiana on the 18th day of January, 1906, to one Arthur Picket, and that in 1908 Arthur Picket deserted her and went off with another woman; that thereafter Virginia removed from Louisiana to Houston, Tex.; that Virginia was informed and believed that Arthur Picket had obtained a divorce from her, and that after receiving such information she married Earnest Johnson under her maiden name, Virginia Jackson; that Earnest Johnson before moving to Houston lived in the state of Louisiana on the same farm with and knew both Arthur and Virginia Picket; that about seven or eight months after Virginia moved to Houston (shown to have been in 1912), Earnest Johnson moved to said city; that Arthur Picket did not in fact obtain a divorce from Virginia, but he did continue to live with the woman with whom he left at the time he deserted Virginia, and that he now claims to be married to the woman with whom he left and now lives; that at the time Virginia heard that Arthur Picket had divorced her, and at all times since, she believed such information to be true, and, so believing, she entered into a marriage with Earnest Johnson on the 26th day of December, 1916; that after such marriage Earnest Johnson and Virginia resided together as man and wife in the city of Houston until Earnest Johnson died in March, 1919; that at all times after said marriage to Johnson up to the time of his death, Virginia believed

that she was the lawful wife of Earnest Johnson; that the money on deposit in the Union National Bank, in controversy in this suit, was money earned through the joint efforts of Earnest Johnson and Virginia Johnson; that from the time Earnest Johnson and Virginia were married, Virginia lived with said Johnson, and performed the customary duties of a wife; that she cooked for Johnson, and nursed him during his last sickness, and buried him when he died; that out of the money paid to Virginia by the bank she paid the debts which she alleged in her answer she had paid, amounting to $276.50; that there was no evidence to show that no administration was pending upon the estate of Earnest Johnson, or that there was no necessity therefor, or that there were no debts against said estate.

"Conclusions of Law.

"I conclude as a matter of law from the facts proven that the said Virginia Johnson, having acted in good faith believing that she had been divorced from her former husband, and continuing to believe the same up to the time of her marriage ceremony with said Earnest Johnson, deceased, and at all times thereafter, was at least the putative wife of said Earnest Johnson and entitled to take as such, and that under the facts proven, as hereinbefore found, the bank having paid said sum of money to her, the plaintiffs are not entitled to a recovery as against said defendant bank, and that because thereof said defendant bank is not entitled to recover as against the cross-defendants herein."

We have reached the conclusion that the findings of fact and conclusions of law of the trial court are amply sustained by competent admissible evidence and by the law.

[2] We deem it unnecessary to enter into a detailed discussion of the various assignments of appellants, as the court has found that there was no evidence showing that no administration was pending on the estate of Earnest Johnson, deceased, or that there was no necessity therefor, or that there were no debts against said estate, and, as such findings are supported by the record, they alone make it imperative that judgment be rendered against plaintiffs. It is well settled that in suits by heirs to recover the property or effects belonging to an estate of a deceased person it is not only necessary to allege, but also to prove, that no administration was at such time pending upon such estate, and, if not pending, then, in that event, that no such administration was necessary. Richardson v. Vaughan et al., 86 Tex. 93, 23 S. W. 640; Rylie v. Stammire (Tex. Civ. App.) 77 S. W. 626; Sanders v. Devereux, 25 Tex. Supp. 1; Laas v. Seidel, 95 Tex. 442, 67 S. W. 1015.

For the reasons pointed out, the judgment of the trial court is affirmed.

Affirmed.