## YOUNGS v. YOUNGS. (No. 8189.)

Court of Civil Appeals of Texas. San Antonio. April 3, 1929.

Rehearing Denied May 1, 1929.

E. P. Lipscomb, R. L. Neal, and Dwyer & Russell, all of San Antonio, for appellant.

Bergstrom & Sehorn, of San Antonio, and Fly & Ragsdale, of Victoria, for appellee.

SMITH, J. This action was brought in the form of trespass to try title by Mrs. Ross Youngs, in her own behalf and as next friend of her minor daughter, to recover of Mrs. Henrie M. Youngs certain real and personal property conveyed to the latter during his lifetime by Ross Youngs, the deceased husband and father of the plaintiffs. It appears from the trial petition that the property was the separate property of Ross Youngs, and that he conveyed it to Mrs. Henrie M. Youngs, his mother, after his marriage and during coverture. It was alleged by the plaintiff below: "That on or about the 19th day of February, A. D. 1927, the defendant secured from Ross M. Youngs a deed to said property * * * that said deed was wholly without consideration and was obtained by the defendant for the purpose of defrauding the plaintiff and her minor child out of said property.

"Plaintiff further says that she is entitled in her own right to an undivided One-Third (1–3) life interest in said property, and that her minor child, Carolyn Frances Youngs, is the only child of Ross Youngs, deceased, and as such child is entitled to all of said property subject only to the undivided One Third (1–3) life estate in said property of the plaintiff.

"Plaintiff further says that prior to the death of the said Ross M. Youngs, that the defendant by the exercise of undue influence over him appropriated to her own use certain money and personal property, which was the community property of plaintiff and Ross M. Youngs, deceased, of the value of Twenty Five Thousand ($25,000.00) Dollars."

The trial court sustained the general demurrer to the plaintiffs' petition, and dismissed the suit upon the plaintiffs' refusal

to amend. Mrs. Ross Youngs, in her individual and representative capacity, has appealed.

The general demurrer was sustained by the trial court upon the theory that there were no allegations in the petition that there was no administration pending upon the estate of Ross Youngs, deceased, nor any necessity for such administration. It is conceded that the petition embraced no such allegations nor any equivalent thereof. So is it conceded that the death of Youngs had occurred less than four years prior to the filing of the suit. It appears from the petition, in fact, that the suit was filed just two days after Youngs' death. The suit was brought by appellants as heirs of Youngs, and was based upon the claim that the property sought to be recovered was rightfully a part of Youngs' estate at the time of his death, and that title to the property, therefore, passed to appellants by reason of their heirship. The decision of the appeal must rest upon these facts.

█ It is a well-settled general rule in this state that only the executor or administrator of the estate of a decedent may maintain a suit to recover property belonging to the estate. The heirs of such decedent have authority to maintain such suit only in the event there is no pending administration upon the estate, and no necessity for such administration. So where the heirs bring such action, it is incumbent upon them to affirmatively show by allegations in their petition and by evidence upon the trial that there is no administration pending, nor any necessity therefor, and, where the petition in such suit omits such allegations, it is subject to the general demurrer. Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336; Green v. Rugely, 23 Tex. 539; Webster v. Willis, 56 Tex. 468; Rogers v. Kennard, 54 Tex. 37.

Other exceptions to the general rule exist in cases where, there being an administration, it appears that the administrator will not or cannot act, or that his interest is antagonistic to that of the heirs desiring to sue. Rogers v. Kennard, supra; Lee v. Turner, 71 Tex. 266, 9 S. W. 150; Modern Woodmen v. Yanowsky (Tex. Civ. App.) 187 S. W. 728. But the facts constituting the exceptions must affirmatively appear in the petition of the heirs bringing suit, in order to avoid the force of the general demurrer. There were no such allegations in this case.

Obviously, the petition of the plaintiffs below brought this case under the ban of the general rule stated, and the trial court properly sustained the general demurrer.

The judgment is affirmed.

### On Motions for Rehearing and to Certify.

█ It is insisted by appellants, in their motions for rehearing and to certify, that the decision of this case is in conflict with and overrules the decisions of the Supreme Court in Groesbeck v. Groesbeck, 78 Tex. 665, 14 S. W. 792, of the Court of Civil Appeals of the Fifth District in McMahan v. McMahan, 175 S. W. 157, and of this court in Kibby v. Kessler, 225 S. W. 277. We have again very carefully examined those decisions, as well as a great many other cases bearing upon the questions determined in the original opinion, and have reached the conclusion that both of appellants' motions should be overruled.

At first blush the Groesbeck Case appeared to be in point, and decisive of the questions adversely to this decision and those cited in the original opinion, which cited cases were decided prior to the Groesbeck Case. It appears, however, that the Groesbeck Case went off, primarily, at least, upon the theories that the proposition raising the question presented was not germane to the assignment of error upon which it was purportedly predicated, and that the questions were not raised properly in the trial court. If this is true, the subsequent language of the opinion, although holding against the principles announced in the original opinion herein, may be regarded as obiter, and should be so construed in order to avoid an obvious conflict with the earlier decisions cited in our original opinion, as well as later decisions of the Supreme Court and Courts of Civil Appeals. Laas v. Seidel, 28 Tex. Civ. App. 140, 66 S. W. 871, 68 S. W. 724; Id., 95 Tex. 442, 67 S. W. 1015; Bluitt v. Pearson (Tex. Com. App.) 7 S.W.(2d) 524; Richardson v. Vaughn (Tex. Civ. App.) 22 S. W. 1112; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Trueheart v. Loan Co. (Tex. Civ. App.) 64 S. W. 1003; Rylie v. Stammire (Tex. Civ. App.) 77 S. W. 626; Modern Woodmen v. Yanowsky (Tex. Civ. App.) 187 S. W. 728; Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650; Johnson v. Bank (Tex. Civ. App.) 242 S. W. 293; Dowlin v. Boyd (Tex. Civ. App.) 284 S. W. 636.

The decision in the Groesbeck Case was not the direct action of the Supreme Court, but of the then existing Commission of Appeals, speaking through Judge Collard. In the opinion in that case none of the prior decisions of the Supreme Court upon the questions discussed are referred to, although that opinion, if decisive, is apparently in conflict with all of them, as it is in conflict with all subsequent decisions upon the point, including those cited above. Nor has the Groesbeck decision been followed upon the point in question by any other authority coming to our attention, except in the case of Kibby v. Kessler, supra, by this court, in which writ of error was dismissed, and the decision in that case seems to have been based entirely upon the Groesbeck Case. The case of McMahan, v. McMahan, supra, also cited by appellants, does not discuss or decide the point raised here; that is, as to the right of an heir to recover property claimed to belong to the estate of a decedent, without affirmatively showing the absence of administration or necessity therefor.

The question in this case is not one of whether the county court or district court has jurisdiction to determine the ownership of title to the property involved. Of course the district court had such jurisdiction. It is a matter of parties, primarily, which is the only question involved in this appeal. It is contended by appellants that the decedent of whom they claim to be the legal heirs had been deceived into conveying away the land involved; that this conveyance was void and should be set aside, and the land restored to the estate of the decedent so that appellants could take it under the laws of descent and distribution. In other words, they contend that the land is a part of the estate of the decedent, and that they, being the heirs of the decedent, own the title thereto. If these contentions are true and can be established, then the administrator, if there be one, is the proper person to bring the suit and recover the land for the estate, so that it may be subjected to the payment of the debts of the estate, if there be any, and so that the balance after payment of the debts may be distributed to the heirs.

The presumption in law is that a necessity exists for administration in every case, and any person who assumes authority to assert a right properly belonging to an administrator must affirmatively show that there is no administration nor necessity therefor, as a condition to his exercise of that authority. Laas v. Seidel, supra; Richardson v. Vaughn, supra; Webster v. Willis, 56 Tex. 468; Green v. Rugely, 23 Tex. 539; Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336. In the case last cited it is said:

"There is a question with us, which has not been discussed sufficiently perhaps, whether the plaintiff, as the heir of the intestate, can sue for this land before it is made to appear that the administration has been closed up; if valid, it is a general rule that the heirs cannot sue in their own right as heirs, for property of the estate; the administrator or executor must sue, else there might be two suits at the same time, one by the heir, and the other by the administrator or executor. ([Moore v. Morse] 2 Tex. 400; Id. [Evans v. Oakley, 2 Tex.] 182.) There are exceptions to this rule, as when the administration has been closed, or when there are no debts against the estate and no administrator; in these cases, the reason of the rule not applying, the heirs may sue. ([Lacy v. Williams' Heirs] 8 Tex. 182.) When there are creditors or an administrator of the estate, the heirs should not be permitted to sue for and recover property of the estate in their own right, and hold it against the administrator and the creditors, and thus effect a partition of the estate in whole or part, without satisfying the debts against the estate. It would seem to be a safe rule not to permit the heirs to recover property by suit in their own right, unless they make it appear that the administration has been closed, or that the condition of the estate is equivalent to that, by showing there is no administrator appointed or acting, and that there are no debts against the estate."

And in the later case of Richardson v. Vaughan, supra, decided several years after the decision in Groesbeck v. Groesbeck, relied upon by appellants, it was said by Judge Gaines:

"Since our statute casts the legal title of property belonging to the estate of deceased persons directly upon the heirs (subject, however, to the payment of debts), we think it might properly have been held, that after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in the court, and it is now too late to depart from it. As a general rule, the holding has been, that the heirs cannot sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one."

The decision of the case quoted was cited with approval in the still later case of Laas v. Seidel, supra, in which, in answering questions certified, the Supreme Court held, point blank, through Judge Brown, that a petition of this character, presented by an heir, was subject to the general demurrer, in the absence of allegations of no administration or necessity therefor. Those decisions, as well as the others cited first above, must have been reached, in view of the Groesbeck Case, which must have been disregarded upon the theory that the expressions therein upon the subject under discussion were dicta, and lacked authority of direct decision. We are unable to bring ourselves to disregard those decisions, or to classify the Groesbeck decision as being in definite conflict with them, or with this decision.

We have gone into the questions at such length only in deference to appellants' earnest and vigorous motions, here overruled.