## GUICHARD V. SUPERVEILE.

The exceptian in the first Section of the Act of limitations of 1841, (Hart. Dig. Art. 2877,) of accounts which concern the trade of merchandize, between merchant and merchant, their factors and servants, does not extend to a case where there is a single transaction, but only to cases of running accounts ; and it seems that it only extends to such running accounts as embrace mutual credits, and not where the credit is all on one side.

We will not say anything about what lapse of time would raise a presumption of payment, in a case within the exception in the statute, because it is not necessary in this case.

Appeal from Gonzales.

*Phillips & Phillips*, for appellant.

*I. A. & G. W. Paschal*, for appellee.

LIPSCOMB, J.   This suit was brought on an open account of merchandize, sold by the appellee, Superveile, to the appellant, in September, 1844.   It was commenced on the 5th of Febuary, 1852.   The statement of facts shows that a demand was made for payment of the account in 1845.   There does not appear to have been any running accounts between the parties, and this sale of merchandize seems to have been the only transaction between them, except a part payment, in some cigars, before the demand of payment of the account.   The defendant plead the statute of limitations, to avoid which the plaintiff amended by averring that it was an account between merchant and merchant.   The plaintiff had a verdict and judgment.   A motion was made for a new trial which was overruled ; and the defendant appealed.

The only question is, Whether the facts in this case took it out of the statute of limitations ?   The Court below thought that it did.   The opinion of the Court must have been based

upon the exception in the first Section of the statute of 5th Febuary, 1841. (Hart. Dig. Art. 2377.) The limitation and the exception are as follows, i. e. "All actions upon open ac- " counts, other than such accounts as concern the trade of mer- " chandize between merchant and merchant, their factors and " servants, shall be commenced and sued within two years " next after the cause of action, and not after." This exception is to be found in the statute of limitations of several of the States of our Confederacy, and also in the English statute; and it is believed to refer to accounts current, running between merchants, where there are various credits and charges on each side, and may so run through a series of years without a final settlement. The exception, in such case, would apply, and the statute would not commence running, until the account was closed, or at any rate not until the last credit had been given. The exception is founded on mercantile usage, that so long as this mutual credit is continued, a confidence is subsisting, that would be violated, to the fraud and prejudice of the party against whom the statute was attempted to be set up, were it to be allowed. The facts, in this case, show that there had been no mutual accounts or credits. The credit was on one side only, and seems to be a case of a sale of goods to an ordinary customer. And there was a demand and refusal to pay, near seven years before the institution of the suit.

In a case of accounts current, of mutual credits, where the last item charged was not within the statute of limitations, there seems to have been much diversity of opinion whether the statute could be a bar to the action. It seems, however, after long being unsettled, that the weight of authority in most of the State Courts, and in the Federal Courts, has resulted in a conclusion against the bar of the statute, because such a case is not provided for by the statute. The opposite doctrine, however, has been maintained by Chancellor Kent, in a well discussed opinion by him, in Coster v. Murray, 5 Johns. Ch. R. 522. The reasoning of the Court of Appeals of South Carolina, in Van Rhin v. Vincent, 1 McCord's Ch.

R. 310, strongly sustains the opinion of Chancellor Kent. It is believed to be well settled, that to bring the account sued on, within the exception, and take it out of the statute, it must not only be between merchant and merchant, their agents and factors, but it must also be an account current, embracing mutual credits; and not where the credit is on one side only.

Mr. Angel, in his standard work on limitations, in treating upon this subject, of mutual accounts to come within the exception in the statute, says, " mutual accounts are made up of " matters of set-off. There must be a mutual credit founded " on a subsisting debt upon the other side, or an express or " implied agreement for set-off of mutual debts." (Angel, Chap. 14, Sec. 7.) The late Chief Justice Spencer, says, (it was a case of a joint purchase of goods, where one of the purchasers takes the whole goods and is to account for one-third of the profits, in such a case) it was not in his judgment within the reason or principle of the exception, which must have intended open and current accounts, where there was mutual dealing, and where there were mutual credits. (20 Johns. R. 576.) Mr. Angell further adds in the same Section referred to (the whole of which might be profitably inserted,) "There must " be a mutual, or as it has been expressed, an alternate course " of dealing. Where payments on account are made by one " party, for which credit is given by the other, it is an account " without reciprocity, and only upon one side." This has been expressly laid down to be the doctrine in Mississippi ; (Fox v. Smith, 6 Howard, 346 ;) and also so ruled in Pennsylvania. (See Ingram v. Sherrard, 17 Serg. Rawle 347.) After discussing the question as the exception to the statute, in cases coming confessedly within the exception, Mr. Angell, proceeds to say, " Allowing that an account is such an one " as concerns the trade of merchandize between merchant and " merchant, yet it must be current and mutual or reciprocal, " agreeable to the rule to be deduced from the authorities cited " in the preceding chapter ; and so, what was advanced in " that chapter, in respect to the running of the statute against

" the balance when stated and acknowledged, will apply to " accounts between merchants. The doctrine as laid down " by Mr. Justice Dennison, in Cotes v. Harris, (Bull. N. P. " 149,) that the clause in the statute of limitations, about mer- " chants' accounts, extended only to cases where there were " mutual accounts and reciprocal demands, will be found to " be at the foundation of all the cases." (Chap. XV, Sec. 9.)

We have seen from the facts in this case, although the sale of the goods may have been from one merchant to another, yet it was not an account current, of mutual and reciprocal demands, and therefore not within the exception to the statute of two years limitation, that barred open accounts.

We will not say anything about what lapse of time would raise a presumption of payment, in a case within the exception in the statute, because it is not necessary in this case. We attach no importance, in this case, to the demand that the statement of facts shows was proven. It could only have been material, had the goods, sold, instead of being sold, been placed in the hands of the defendant for the plaintiff's use. In such case, a demand possibly, might have been of some use, to fix the time, in the absence of other testimony, when the right of action accrued. We are satisfied that in this case, the statute of two years had barred an action before the suit was commenced; and the judgment is reversed and the cause dismissed.

Reversed and dismissed.