## Judd v. Sampson & Co.

The exception in the statute of limitations, as to accounts between merchant and merchant, includes only accounts current, where there are various credits and charges on each side, and not accounts which consist entirely of charges on one side and payments on the other.

The exception (now repealed) in the third Section of the Act of limitations of 1841 (Hart. Dig. Art. 2379,) which provided that in case of the removal of the debtor out of the county where such debt was created, no Act of limitations should run, unless the person removing should, ten days previous to his removal, put up a notice in writing at the seat of justice of the county from which he was about to remove, setting forth his intention to remove, extended to cases only where the debt is proved to have been created in the county from which the debtor removed.

Error from Fayette.

*W. R. B. Webb*, for plaintiff in error.

HEMPHILL, CH. J.  This suit was instituted on the 21st December, 1852, by Sampson & Co., on an open account for goods, wares and merchandize sold to the defendant, Henry K. Judd, between the 9th January and the 5th of May, 1847. It is alleged in the petition that at the time of the sale, H. K. Judd was a merchant, and that the account was made and contracted between merchant and merchant; and by amendments, it was further alleged that within two years from the date of the purchase, the said Judd removed from the county of Washington to the county of Lavaca, without having previously posted a notice at the seat of justice of Washington county of his intention to remove. There was a demand for payment in 1850, something more than two years before the commencement of suit.

There were no mutual or reciprocal accounts current, consisting of charges and credits on each side, between the par-

ties. The only credits in favor of defendant, consist of three partial payments in cash, made in January and April, 1847. The statute of limitations was pleaded, and the only question is whether it was available on the facts of this case. The plaintiffs, as appear by the pleadings, to take the case out of the statute, rely upon the exception in the first Section of the Act of 1841, of such accounts as concern the trade of merchandize between merchant and merchant; and the defendant insists that this account does not come within the operation of such exception; that the exception extends only to accounts where there are mutual and reciprocal demands, and not to accounts where there is no reciprocity, and payments or charges are made upon one side alone.

We are relieved from the necessity of examining this matter as a *res integra*. The subject was fully considered and discussed in the case of Guichard and Superville. (11 Tex. R. 522.) The exception of merchants' accounts was there held to include only accounts current between merchant and merchant, where there are various credits and charges on each side; and the reason of the exception was said to be founded on the mercantile usage that so long as the mutual credit continued there was a confidence subsisting which would be violated to the fraud and prejudice of the party against whom the statute should be allowed. The conclusion in that case was well supported by authorities there cited, (Angell on Limitation, Chap. XIV, Sec. 7; Id. Chap. XV, Sec. 9; 20 Johns. R. 576; 6 How. (Miss.) R. 346; 17 Serg. & Rawle, 347,) and fully sustains the plea in this case, unless the exception in relation to posting up notice of removal will take the case out of the operation of the statute.

This exception declares, in effect, that where a person indebted for goods, wares and merchandize, shall remove out of the county where the debt is created, no act of limitation shall run unless ten days previous to removal, he had posted up a notice of his intention to remove. It appears then that the requisition as to posting notice is restricted to debts created

in the county in which the debtor had resided. There is no evidence that this debt was created in Washington county, from which the defendant removed. The presumption is to the contrary. The exception was intended for the benefit of creditors, and it is incumbent on them to show that the case comes within its operation. This has not been done, and consequently the plea of the statute set up by defendant must, on both grounds, be sustained. It is scarcely necessary to remark that this latter provision in relation to notice, has been discarded from our statute book, and merchants in this respect are reduced to the footing of other classes of the community. Judgment reversed and cause remanded.

Reversed and remanded.