G., C. & S. F. R'Y Co. v. H. BOOTON.

(No. 2890.)

APPEAL from Fort Bend County. Opinion by WILLSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

**§ 67.** *Carrier; consignee must receive freight when tendered him; sale of freight for freight charges; case stated.* Appellee sued appellant for the value of a lot of sewing-machines ($400) shipped by him from Wiles' Point to Richmond, Texas. He recovered judgment for the amount sued for and costs. It appears from the evidence that said sewing-machines, when shipped by appellee, were knocked down and packed in boxes and crates. Appellee claims that there were seventeen boxes and fifteen crates, containing said machines shipped. Sixteen boxes and fifteen crates of said freight were transported from Wiles' Point to Richmond within a reasonable time, and tendered to appellee. He refused to receive said freight because one box thereof was missing. There were freight and storage charges due upon said freight, which appellee refused to pay, and after the lapse of about one year from the time said freight was tendered to appellee at Richmond, it was sold in accordance with law to pay freight and storage charges, and the amount realized from said sales did not more than satisfy said charges. We are of the opinion that the verdict and judgment are against the evidence and the law. Appellee was bound, under the facts of this case, to receive the portion of the freight tendered him. He could only recover for that portion of the freight that was not tendered him. [Hutch. Carriers, § 775.]

March 15, 1890.  Reversed and remanded.