ELLA O. RICHARDSON ET AL. v. C. V. VAUGHAN ET AL.

No. 48.

**1. Suit by Heirs—Right to Sue.**

Heirs can not sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one.  To this rule an exception is recognized where suit is necessary for preservation of the estate ..................................................... 94

**2. Limitation—Mutual and Current Accounts.**

Accounts made by one merchant purchasing from another do not come within the statutory term, "mutual and current accounts," so as to be relieved from the statute of limitation of two years.  See example.  95

ERROR to Court of Civil Appeals for First District, in an appeal from Grimes County.

*Preston & Spencer*, for plaintiffs in error.— 1. The petition showed good cause for action.  Walker v. Abercrombie, 61 Texas, 69; Patterson v. Allen, 50 Texas, 23; Patton v. Gregory, 21 Texas, 513; Putnam v. Young, 57 Texas, 464.

2. Minors must sue by guardian or next friend.  Abrahams v. Vollbaum, 54 Texas, 226; Cook v. Thornhill, 13 Texas, 293; Robson v. Osborn, 13 Texas, 298.

*H. H. Boone*, for defendants in error.—The court did not err in sustaining the plea to the jurisdiction, and in dismissing the suit.  Giddings v. Steele, 28 Texas, 748; Webster v. Willis, 56 Texas, 468; Lee v. Turner, 71 Texas, 264.

GAINES, ASSOCIATE JUSTICE.—This case comes before us on a writ of error to the Court of Civil Appeals of the First District.

The plaintiffs in error, who are the surviving widow and the children of John P. Richardson, late of Mississippi, brought this suit against the defendant in error C. V. Vaughan to recover upon certain open accounts for goods sold.  The wife of Vaughan was also made a party defendant, in order to subject the rents of certain real estate claimed by her to the payment of the debt.  Some of the accounts were for goods alleged to have been sold to defendant C. V. Vaughan by John P. Richardson in his lifetime.  The others were for goods sold to Vaughan by Keiffer

Brothers. The latter accounts were alleged to have been assigned to the estate of Richardson since his death. The plaintiffs averred that they were the sole heirs of John P. Richardson, and the sole owners of the accounts sued on.

The trial court held that the plaintiffs were not entitled to maintain the action, and dismissed the suit. This judgment was affirmed by the Court of Civil Appeals.

Since our statute casts the legal .title of property belonging to the estate of deceased persons directly upon the heirs (subject, however, to the payment of debts), we think it might properly have been held, that after the lapse of a reasonable time without administration upon the estate, they should have the right to sue for the recovery of any chose in action or other property which had descended to them. But from an early day a different doctrine has been announced in the court, .and it is now too late to depart from it. As a general rule, the holding has been, that the heirs can not sue without alleging and proving that there is no administration upon the estate, and that there is no necessity for one.

In Walker v. Abercrombie, 61 Texas, 69, an exception was recognized. There three years had elapsed since the death of the ancestor and no administration upon his estate had been applied for; the estate was alleged to be insolvent, and it appeared that the debt which was sought to be recovered was about to be barred by limitation. It would seem that where a suit is necessary to preserve the property, the right of the heirs to bring it ought to be maintained, especially where a considerable time has elapsed without administration. Creditors who have not seen proper to attempt the collection of their claims through the Probate Court are not likely to suffer any injury in such a case by permitting the heirs to sue.

But in this case the allegations in plaintiffs' petition do not bring them within any of the exceptions to the rule that the administrator must sue. It is not alleged that there are no debts against the estate, and it does not appear that any emergency existed which made a suit by the heirs necessary in order to pursue the claim. It is urged that the accounts were about to be barred by limitation; but the answer to that contention is, that all of the accounts appear, as we think, to have been barred when the suit was instituted. From the time the Keiffer Brothers' accounts fell due, more than two years had elapsed when they were transferred to the estate of Richardson. All the accounts for goods sold by Richardson, save one, are distinctly alleged to have matured in 1888. He is alleged to have died " on or about the —— day of ———, 1891;" so that they had been due more than two years when he died. Admitting that according to the averments of the petition, one of the accounts for goods sold by Richardson did not become payable until January, 1890, even that, in our opinion, was clearly barred in July, 1892, when this suit was brought. Under our statute, limitation, if running, was suspended for

one year after the death of the intestate; but when this action was commenced more than three years had elapsed from the time the last account matured.

Now it is alleged in the petition, that " J. P. Richardson was a wholesale merchant, trading and doing business in the city of New Orleans, in the State of Louisiana, and the said C. V. Vaughan was a merchant trading and doing business in the city of Navasota, Grimes County, Texas. * * * Wherefore plaintiffs aver that the said sale and delivery of goods was as between merchant and merchant, trading and doing business as between each other as such." A similar allegation is made as to Keiffer Brothers, and as to the accounts for goods sold by them. We infer that the purpose of these averments was to show that the claims sued upon were such accounts between merchant and merchant as were not barred in a less time than four years. But we think the allegations fail to bring the action within the exception to the general rule, that all suits upon open accounts shall be brought within two years.

The Act of February 5, 1841, contained this provision: "All actions upon open accounts other than such as concern the trade of merchandise between merchant and merchant, their factors and servants, shall be commenced within two years next after the cause of such action or suit, and not after." Pasch. Dig., art. 4604. This was construed to except only mutual or reciprocal accounts; that is to say, only such running accounts as embraced items both of debit and credit. Leavitt v. Gooch, 12 Texas, 95; Guichard v. Superveile, 11 Texas, 523; Judd v. Sampson, 13 Texas, 19. Our Revised Statutes are more explicit, and expressly declare the law as it had been formerly decided. The provision is, that "actions upon stated or open accounts, other than such mutual or current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents," shall be barred in two years. Rev. Stats., art. 3202. The accounts sued on in this case contain no credits, and are not such " mutual or current accounts" as are excepted from the operation of the statute last quoted.

We conclude, that the plaintiffs have not brought themselves within any of the excepted cases in which the courts of this State have held that the heirs of a deceased person are authorized to sue for debts due the estate, and that the trial court and the Court of Civil Appeals did not err in so holding. The judgments of those courts are accordingly affirmed.

*Affirmed.*

Delivered October 23, 1893.