### DWIGHT, SKINNER & CO. v. MATTHEWS, MILLER & CO.

#### No. 1014. Decided May 23, 1901.

**1. Limitation—Mutual Accounts—Consignor and Factor.**

An action by a firm of commission merchants to recover from a commercial firm the excess of a draft, drawn by the latter upon and paid by them, over the proceeds of merchandise subsequently shipped by the latter to and sold by such factors, was a suit upon mutual account between merchant and merchant which was barred only by four years limitation, beginning from the time of the cessation of their dealings. Rev. Stats., art. 3356, subdiv. 3. (Pp. 535-537.)

**2. Pleading—Draft—Payment—Action by Drawee.**

A petition alleging the payment by plaintiff of a draft drawn on him by defendant without funds in plaintiff's hands, but crediting the claim with proceeds of sales of merchandise subsequently consigned by defendant to plaintiff as its factor, does not commit the plaintiff to the theory that his cause of action is on the draft, but rests his recovery on the legal effect of all the facts alleged. (P. 537.)

3. **Limitation—Amendment—Presumption.**

The cause of action set up in an amended pleading will be presumed to be the same as that in the original, and not a new cause of action subject to limitation up to date of filing the amendment, where the original pleading is not contained in the record on appeal. (P. 537.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Runnels County.

Dwight, Skinner & Co. sued Matthews, Miller & Co. The suit was dismissed on demurrer, and, plaintiffs having appealed, it was affirmed. Appellants then procured a writ of error.

*W. W. King* and *Harris & Smith,* for plaintiffs in error.—Appellants on the 14th day of June, 1893, paid a draft drawn on them by appellees, and suit having been instituted on the 10th day of February, 1897, to which the appellees pleaded the statute of limitation of two years, the court erred in holding that said period of limitation applied. Sublett v. McKinney, 19 Texas, 439; Williams v. Durst, 25 Texas, 668; Tutt v. Thornton, 57 Texas, 35; Carpenter v. Minter, 72 Texas, 370; Jackson v. Murray, 77 Texas, 644; Railway v. Freeman, 57 Texas, 156; Hoffmann v. Bagnello, 1 White & W., sec. 705; Jackson v. Insurance Co., 1 White & W., sec. 756; Bell v. Gammon, 3 White & W., sec. 405; Laredo Light Co. v. U. S. Lighting Co., 26 S. W. Rep., 311; Pasch. Dig., art. 4604; Rev. Stats., art. 3556.

The appellants' petition having been both upon a draft paid and upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, and it appearing therefrom that the dealings between the parties ceased on the 25th day of March, 1895, and appellants' suit having been instituted on the 10th day of February, 1897, the statute of limitation of four years applied, and the court erred in holding that appellants' cause of action was barred by the statute of limitation of two years. Nagle v. Moody, 53 Texas, 266; Rev. Stats., art. 3356.

*John I. Guion* and *R. B. Truly,* for defendants in error.—The judgment of the court upon the demurrers and exceptions of defendants (appellees) to appellants' first amended original petition, included within its orders and scope: "It is therefore ordered, adjudged, and decreed by the court that the general and all special exceptions of the defendants to plaintiffs' first amended original petition be and the same are hereby sustained; and the plaintiffs declining to amend, this cause is hereby dismissed." By such order any exception, either general or special, if good, to plaintiffs' petition, would support this order and authorize the judgment rendered. Especially is this the correct rule when plaintiffs (appellants) elect to stand upon their pleadings and refuse to amend; regardless of all exceptions by defendants (appellees) either general or special.

In a suit upon a commercial, negotiable instrument such as the one

set out and sued on by appellants, a recovery can not be had upon a mere assumpsit or implied or express promise for money advanced, or money "had and received." Especially is this the case when it is shown by plaintiffs' petition that this draft had, prior to the suit, been fully paid off and discharged, and was in no sense any longer a binding obligation upon the part of appellees, and when by appellants' own allegations it is shown that all the functions and purposes for which the instrument was executed had passed and had been fully performed before suit commenced upon it. Faires v. Cockerell, 88 Texas, 428.

In this case there is such an apparent uncertainty in plaintiffs' petition as to whether the suit is upon the draft or upon an implied assumpsit for money had and received, or as to whether the draft and its legal effect are pleaded as a collateral fact (evidence, to show the payment of the money to appellees), that it renders the real subject matter of appellants' suit, if any, so uncertain, inconsistent, indefinite, and ambiguous as to state no certain cause of action, founded upon no certain subject matter, and therefore is subject to general demurrer. Rules of District and County Courts No. 19, 84 Texas, 708; McClelland v. Smith, 3 Texas, 210; Caldwell v. Haley, 3 Texas, 317; Hollis v. Chapman, 36 Texas, 1; Baker v. Rust, 37 Texas, 242; Boynton v. Chamberlain, 38 Texas, 604; Walker v. Burks, 48 Texas, 206; Neyland v. Neyland,. 19 Texas, 423; Prewitt v. Farris, 5 Texas, 370; Mayton v. Railway, 63 Texas, 77.

Appellants' purported cause of action was barred by the two and four years statutes of limitation. Rev. Stats., arts. 3354-3356.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by plaintiffs in error to recover of defendants in error a sum of money, and in the District Court exceptions of defendants, including one that the cause of action appeared from the petition to be barred by the statutes of two and five years limitation, were sustained, and, upon plaintiffs declining to amend, the suit was dismissed. This judgment was affirmed by the Court of Civil Appeals upon the ground that the action was barred by two years limitation, and from the judgment of affirmance, this writ of error is prosecuted.

The record contains only the amended original petition, filed March 14, 1898, which states that the original petition was filed February 10, 1897. The amended petition alleges that plaintiffs are a mercantile firm doing business in Hartford, Conn., and that they are now and have been, for many years past, engaged in the business of selling wool upon commission, and that defendants are a firm doing a mercantile business in Ballinger, Texas; and sets forth a bill of exchange of date June 8, 1893, drawn by defendant firm upon the plaintiff firm, and alleges that it was paid by plaintiffs June 14, 1893, without funds of the defendants, whereby defendants became liable and promised to pay plaintiffs the money so advanced with interest. The petition then alleges that, at various dates between July 3, 1893, and March 6, 1895, defendants consigned to plaintiffs for sale upon com-

mission sundry lots of wool, which were duly sold, and the net proceeds thereof, less charges for freight, cartage, insurance, and a commission of one cent per pound, which defendants agreed to pay, were placed to the credit of defendants against the sum drawn by them. For the balance thus ascertained and interest, judgment was sought. The petition also properly referred to an exhibit attached showing in detail the items of the account, in which defendants were first credited with the proceeds of the sales of many packages of wool received and sold at different times, and were then charged with the items of expense and commissions above named and with the amount of the draft and interest, leaving the balance sued for.

The exceptions, besides that setting up limitation—all of which were sustained—were a general demurrer and special exceptions, (1) that the account did not sufficiently itemize the expenses charged, and (2) that no connection was shown between the draft and the wool.

That the general demurrer was not good is plain. If the objection that the account was not properly itemized was good to any extent, it was so only as to a few of the items of expense charged, and this did not justify the dismissal of the action. The other exception, that no connection was shown between the draft and the other transactions, is important only so far as it may affect the question of limitation, and this is the true question in the case.

It may be conceded for the purposes of this case that the holding of the Court of Civil Appeals is correct, that, under the decision of this court in the case of Faires v. Cockerell, 88 Texas, 428, plaintiffs could not maintain an action upon the draft and that the suit was therefore not one for a debt "where the indebtedness is evidenced by or founded upon a contract in writing," within the first subdivision of article 3356 of the Revised Statutes.

The question remains, is it not an action upon a "mutual and current account concerning the trade of merchandise between merchant and merchant, their factors and agents," within the third subdivision of the same article? If so, the period of four years applies and the action was not barred when the original petition was filed, nor when the amended petition was filed March 14, 1898, since under the provision referred to, limitation did not begin until "the cessation of the dealings in which they were interested together," and the petition showed that such cessation took place in 1895. We think the account, judging from the allegations, is one of the character defined in the statute to which we have referred. The character of the business of the parties was such as the statute requires, since they were firms of merchants and one was the factor of the other. By such firms, in their dealings with each other, the draft was drawn and paid and the wool consigned and sold and accounted for; and in these transactions, all of the items of the account originated. It therefore appears to be one concerning the trade of merchandise. It consists of items of debt and credit in favor of and against each party, extends through a considerable period of time, and has never been agreed upon so as

to become a stated account. Consequently, it is an open, mutual, and current account and has every element required by the decisions in this State for such an account. Whittlesey v. Spofford, 47 Texas, 13; Richardson v. Vaughan, 86 Texas, 95; Guichard . v. Superveile, 11 Texas, 522; Judd v. Sampson & Co., 13 Texas, 19; Leavitt v. Gooch,. 12 Texas, 95. The draft was drawn by defendant firm, engaged in a mercantile business, on the plaintiffs, also a firm engaged in such business, and so the wool was consigned and received. This sufficiently shows the character of the dealings and that they were done in the trade of merchandise to meet the demurrer urging two years limitation; and four years had not elapsed after limitation commenced.

It is urged and was held in the Court of Civil Appeals that the plaintiff had attempted to sue on the draft alone and not on the account, but we are not at liberty to so restrict the allegations. While the petition sets forth the draft and its payment, it also sets forth all of the dealings and the whole account and prays for judgment for the balance thereby shown. The pleading does not commit the plaintiffs to any theory as to what their cause of action is, but rests it upon the legal effect of the facts alleged. According to defendants' own contention, there was no cause of action upon the draft, but only one upon an implied promise of defendants to reimburse plaintiffs for the advance made. The money advanced became simply an item of indebtedness from defendants to plaintiffs and a part of the running account between them.

We have said that four years had not elapsed after limitation began to run before the amended petition was filed. We do not wish to be understood as holding, upon the record before us, that limitation ran until the amendment was filed. It was urged in argument that, in support of the judgment below, it might be presumed that the original petition did not assert the same cause of action, but such contention is contrary to the decision in Rucker v. Dailey, 66 Texas, 284. See also Railway v. Speights, 60 S. W. Rep., 659.

*Reversed and remanded.*