NEAL COMMISSION CO. v. GOLSTON.
(No. 747.)

(Court of Civil Appeals of Texas. El Paso, Oct. 25, 1917.)

1. LIMITATION OF ACTIONS ⊘54(2)—ACCRUAL OF CAUSE OF ACTION — "MUTUAL ACCOUNTS."

Where the transactions between plaintiff and defendant consisted entirely of sales by plaintiff to defendant, and no credit was ever extended by defendant to plaintiff, there was no mutual and current account between merchant and merchant within Rev. St. art. 5688, subd. 3, providing that actions upon mutual and current accounts concerning the trade of merchandise between merchant and merchant shall be commenced within four years, and that the cause of action shall be considered as having accrued on a cessation of the dealings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mutual Accounts.]

2. LIMITATION OF ACTIONS ⊘195(4) — BURDEN OF PROOF—ABSENCE FROM STATE.

In an action on an open account, defendant discharged the burden resting on him respecting the defense of limitation by showing that the suit was filed more than two years, after the accrual of the cause of action, and it then devolved upon plaintiff to show defendant's absence from the state for such periods as would reduce the time to less than two years.

3. LIMITATION OF ACTIONS ⊘193—PLEADING—ISSUES AND PROOF.

In an action on an open account brought more than two years after the cause of action accrued, it was not sufficient for plaintiff to allege that defendant was a nonresident without supporting such allegation by proof, especially as the allegation merely referred to the date of the filing

of the pleading, and did not show how long defendant had been a nonresident.

**4. NEW TRIAL ⊜⟆150(1)—NEWLY DISCOVERED EVIDENCE—AFFIDAVITS.**

It is not error to refuse a motion for a new trial on the ground of newly discovered evidence when the motion is not supported even by an affidavit of the party applying.

**5. NEW TRIAL ⊜⟆101 — NEWLY DISCOVERED EVIDENCE—TIME OF DISCOVERY.**

A motion for a new trial on the alleged ground of newly discovered evidence was properly denied where the existence of the alleged facts was known to the party applying at the time of the trial and for at least twenty days prior to the rendition of the judgment.

**6. NEW TRIAL ⊜⟆124(1)—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF MOTION.**

A motion for a new trial for newly discovered evidence, which failed to give the names of the witnesses by whom the alleged facts could be proved, and offered no proof that they would testify as claimed, was properly denied.

**7. NEW TRIAL ⊜⟆102(1)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.**

A motion for a new trial for newly discovered evidence which failed to show any diligence to discover such evidence prior to a trial was properly denied.

Error from Nolan County Court; Jno. H. Cochran, Jr., Judge.

Action by the Neal Commission Company against Roy D. Golston. Judgment for defendant, and plaintiff brings error. Affirmed.

Grisham & Grisham, of Sweetwater, for plaintiff in error. Beall & Douthit and Allen Wight, all of Sweetwater, for defendant in error.

HIGGINS, J. Plaintiff in error filed this suit on January 14, 1916, to recover of defendant in error a balance due on open account.

The case was tried before the court, which filed findings of fact. A condensed statement of the material facts found is as follows: F. J. Neal, doing business as Neal Commission Company, at the time of the transactions involved in this suit, was a merchant at Sweetwater, Tex., and Golston, at such time, was a merchant at Quanah, Tex. That Golston is indebted to the Neal Commission Company in the sum of $224.48, being the balance due on certain items of merchandise sold to defendant on December 19, 1913, by the plaintiff, which debt is just, due, and unpaid. That the dealings of the parties comprise three transactions, being in each case the sale of merchandise to defendant by plaintiff; the first sale taking place in November, 1913, said merchandise being paid for upon the delivery thereof by check or draft; the second transaction taking place December 19, 1913, and being the sale of merchandise to the defendant by plaintiff on a credit to the value of $324.40; the third transaction involving the sale of merchandise to the value of $877.-80 to defendant for cash, the defendant herein at the time paying $100 on the purchase theretofore made in December. That in regard to the items sold to defendant in November and December, 1913, the plaintiff extended credit to defendant and only on these occasions. That at no time did Golston extend any credit to the plaintiff. That no sales of merchandise were made by defendant to plaintiff on credit or otherwise. That the transactions herein sued on do not constitute a "mutual and current account concerning the trade or merchandise between merchant and merchant," but said suit is for a balance due on a single sale of merchandise by plaintiff to defendant, a debt not evidenced by a contract in writing. That this suit was brought on the 14th day of January, 1916, which was more than two years after the sale of the items herein sued on. The evidence sustains these findings, and the correctness thereof is not challenged.

The court held that the transactions of the parties did not constitute a mutual and current account concerning the trade of merchandise between merchant and merchant, and that the action was barred by the two-year statute of limitation.

[1] Plaintiff in error contends that the facts stated show a mutual and current account between merchant and merchant, and that the cause of action was not barred under the provisions of article 5688, R. S. subd. 3. All of the sales were made by the Neal Commission Company to Golston; no credit was ever extended by Golston to the former. There were no mutual and current accounts between the parties, and the statute quoted has no application. Richardson v. Vaughan, 86 Tex. 95, 23 S. W. 640; Cohen v. Shwarts, 32 S. W. 820; Guichard v. Superveile, 11 Tex. 522; Judd v. Sampson, 13 Tex. 20. The cause of action was upon an ordinary open account, and was barred by the two-year statute of limitation. Article 5687, R. S. subd. 5.

The plaintiff in error's third assignment is:

"The court erred in rendering the judgment against the plaintiff and in favor of the defendant on the sole and only issue on limitation, that issue not being supported by the weight of the testimony in this case, and it appearing that the defendant is a nonresident, the burden was upon the defendant to prove the issue of limitation as tendered by him."

The supporting proposition being:

"The burden of proof on an issue of limitation is upon him who asserts it."

[2] The facts recited show that the suit was filed more than two years after the accrual of the cause of action and discharged the burden resting upon defendant. It then devolved upon the plaintiff to show that defendant had been absent from the state for such periods of time as would, if taken from the whole time from the accrual of the cause of action to the institution of the suit, reduce the time to less than two years. Phillips v. Holman, 26 Tex. 277.

[3] There was no evidence offered by plain-

tiff upon this issue, and the court did not err in the particular indicated by this assignment. The mere allegation in the amended petition that defendant at that time was a nonresident is not sufficient. Allegations must be supported by evidence. Even if the allegation were to be taken as true, it merely referred to the date of the filing of the amendment, and did not show how long defendant had been a nonresident. Neither the pleading nor the evidence of the plaintiff meets this phase of the case.

[4-7] The last assignment of error complains of the refusal of a new trial upon the ground of newly discovered testimony, to the effect that defendant had been out of the state after the accrual of the cause of action for about a year. This ground of the motion for new trial was properly overruled for the following reasons: (1) It is not error to refuse a motion for new trial on the ground of newly discovered evidence when said motion is not supported even by an affidavit of the party applying, which is the case here. (2) Because the existence of the alleged facts was known to the party applying at the time of the trial and for at least twenty days prior to the rendition of judgment. (3) The motion fails to give the names of the witnesses by whom the alleged facts could be proven, and offers no proof at all that such witnesses will testify as claimed. (4) The motion wholly fails to show any diligence to discover such evidence prior to trial.

Finding no error, the judgment is affirmed.