CAFFARELLI BROS. v. LYONS BROS. CO.
(No. 5929.)

(Court of Civil Appeals of Texas. San Antonio.
Dec. 5, 1917.    Rehearing Denied
Jan. 9, 1918.)

1. JUSTICES OF THE PEACE ⚬⟲183(1) — PRE-
SUMPTIONS ON APPEAL.

The appellate court must presume that the
issues made by the pleadings were consistent
with the orders or rulings of the trial court, as
found in the transcript in all cases originating
in the justice court where oral pleadings are al-
lowed.

2. LIMITATION OF ACTIONS ⚬⟲54(2)—COMPU-
TATION—"MUTUAL ACCOUNTS."

Where the items of goods sold, for defects
in which set-off was claimed, were sold at one
time, a bill rendered when the goods were ship-
ped, and payment demanded by a draft drawn
on the buyer when the goods were shipped, the
transaction was not a portion of a mutual ac-
count under the four-year statute (Rev. St. art.
5688), but the sale of the goods for cash; so
that the two-year statute (article 5687) applied.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Mutual
Account.]

3. LIMITATION OF ACTIONS ⚬⟲53(2)—COMPU-
TATION—"CURRENT ACCOUNT."

A sale of goods, for defects in which set-off
was claimed, did not constitute part of a current
account under the four-year statute (Rev. St.
art. 5688), where the amount due was stated by
the seller in a statement accompanying a draft
on the buyer, demanding immediate settlement,
and the draft was paid a few days after the
goods were sold, for a stated and paid account
cannot be current account; but the set-off was
subject to the two-year statute (article 5687).

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Current
Account.]

Appeal from Bexar County Court for Civil
Cases; John H. Clark, Judge.

Action by the Lyons Bros. Company
against Caffarelli Bros. Judgment for plain-
tiff, and defendants appeal. Affirmed.

Keller & Keller and W. S. Anthony, all of
San Antonio, for appellant. Victor Keller, of
San Antonio, for appellee.

SWEARINGEN, J. On the 8th day of
January, 1914, appellee the Lyons Bros. Com-
pany, filed suit in the justice court to re-
cover from Caffarelli Bros., appellants, the
sum of $152.40 for merchandise sold, and
$15.24 attorney's fees. The pleading of plain-
tiff in justice court was an account filed. On
March 7, 1916, defendants filed a first amend-
ed answer, admitting plaintiff's cause of ac-
tion, but alleging a set-off, and thereafter ap-
pealed to the county court for civil cases.
The trial was had upon the pleadings used in
the justice court, before the court without
a jury. Judgment was rendered for the
amount sued for by the Lyons Bros. Com-
pany for goods sold, but did not include at-
torney's fees.

The pleadings that appear in the tran-
script are the account filed by Lyons Bros.
Company; a first amended answer by Caffar-
elli Bros. The further pleadings which we

must presume, from the record and from the
court's findings of fact and decree, are an
original answer, which was oral, and a plea
of two years' limitation by the plaintiff.
From which answer it appears that, to plain-
tiff's suit on account, defendants answered
on March 7, 1916, admitting plaintiff's cause
of action, but alleged as a set-off to plain-
tiff's cause that plaintiff had sold defendants
phosphates in September, 1912, for which
defendants paid in full in September, 1912;
that the phosphates were unfit for use, and
that the amount paid therefor was due to
defendants; that demand was made for the
repayment in 1913; that the items set up in
reconvention were mutual and current ac-
counts between merchants. To this answer,
filed March 7, 1916, plaintiff, we must pre-
sume, invoked, by oral plea, the statute of
limitation of two years, and asserted that
the items alleged as set-off were not mutual
accounts and were not current accounts.

The facts found by the trial court, which
are sustained by the evidence and adopted
by us, are as follows:

"First. I find the plaintiff, the Lyons Bros.
Company, filed suit against the defendants, R.
C. Caffarelli and F. P. Caffarelli, doing business
under the name and style of Caffarelli Bros., on
account for the sum of $152.40, and that the
defendants admitted in their pleadings that said
sum of $152.40 as claimed by plaintiff was just
and due plaintiff.

"Second. I find that on March 7, 1916, the
defendants, Caffarelli Bros., filed their first
amended answer and for the first time set up by
way of reconvention a set-off and counterclaim
to plaintiff's cause of action.

"Third. I find the plaintiff's cause of action
was for merchandise purchased on the follow-
ing dates and amounts, to wit:

| | |
|---|---:|
| May 1, 1913. To Merchandise, Bal. $ | 5.68 |
| October 20, 1913. To Merchandise | 131.16 |
| October 22, 1913.   "       " | 5.00 |
| October 27, 1913.   "       " | 7.04 |
| November 6, 1913.   "       " | 3.52 |
| Total ..................... $ | 152.40 |

"Fourth. I find that the defendants' alleged
claim against the plaintiff is for defective mer-
chandise purchased during the month of Sep-
tember, A. D. 1912.

"Fifth. I find that there were no sales of mer-
chandise by plaintiff to defendants between the
month of September, 1912, and the month of No-
vember, 1913, except the items of merchandise
sold to defendants upon which plaintiff's cause
of action is based.

"Sixth. I find that the defendants paid plain-
tiff for all merchandise purchased by defend-
ants from plaintiff during the month of Sep-
tember, 1912, within a few days after the pur-
chase of same.

"Seventh. I find that all transactions between
plaintiff and defendants consisted only of sales
from plaintiff to defendants, and payment by de-
fendants to said plaintiff for merchandise pur-
chased, and therefore find that plaintiff and de-
fendants did not have mutual and current ac-
counts between them as merchant and merchant.

"Eighth. I find that the first goods reshipped
by the defendants to San Antonio, Tex., to be
delivered to plaintiff out of the goods purchased
from plaintiff September, 1912, and the first
complaint made as to quality of same, did not
occur until some time subsequent to November,

1913, and that plaintiff refused to accept the goods returned.

"Ninth. I find that the defendants delivered the goods complained of by them to their customers, and that none of the said customers complained of the said goods until five or more weeks after same had been delivered to them, and I find there was no evidence showing what care the customers took of said goods, and I furthermore find that the defendants did not directly or indirectly attempt to return any of the goods to plaintiff within less than a year thereafter, and that they did nothing at all to protect their rights or those of plaintiff by disposing of said goods at the best price obtainable.

"Tenth. I find that the defendants did not, by their evidence, establish any certain amount of damage they may have sustained according to their allegations in their set-off and counterclaim."

Several of appellants' assignments are based upon the proposition that appellants' set-off was a mutual and current account between merchants, and that the two-year statute did not apply.

[1] It is the duty of this court to presume that the issues made by the pleadings of the parties were consistent with the orders or rulings of the trial court, which we find in the transcript in all cases originating in the justice court where oral pleadings are allowed. Maass v. Solinsky, 67 Tex. 290, 3 S. W. 289; Silberberg v. Trilling, 82 Tex. 523, 18 S. W. 591; Patty v. Gibson, 23 S. W. 392; G., C. & S. F. Ry. Co. v. Goodman, 189 S. W. 326.

The trial court stated in its finding of facts the account alleged in the set-off was not a mutual account and was not current, and that the two-year statute did apply. A similar statement is made in the decree. From these statements we presume that this was properly pleaded as above stated.

If the set-off was barred when first pleaded, it was not available. The question is presented: When was the set-off first pleaded? It first appears in the first amended answer filed March 7, 1916. The original of which it is an amendment is not in the record, and no data is given by which we can presume the date of the filing of the original, except the trial court's finding of fact that the set-off was first pleaded March 7, 1916. We assume, therefore, that the original answer was an oral plea and was first made in open court on the day of the trial of the cause in the justice court, which was March 7, 1916. The cause of action pleaded as a set-off arose and was due, if ever, in September, 1912. More than two years elapsed between the time the set-off cause of action accrued and the date of filing the plea therefor.

The next question is: Does the two-year statute (article 5687, Rev. St.) bar the cause, or the four-year statute (article 5688)?

[2] In our opinion the set-off cause of action was not a part of a mutual account, nor was it a current account. It was not a mutual account, because the facts show that the items were sold at one time, a bill rendered when the goods were shipped, and payment demanded by a draft drawn on the appellant when the goods were shipped. Instead of being a portion of a mutual account, it was the sale for cash of certain goods.

[3] The account was not current, for the reason that the amount due was stated by the seller, which statement accompanied the draft demanding immediate settlement, and this draft was paid September 21, 1912, a few days after the goods were sold. A stated and paid account cannot be a current account. Therefore the two-year statute did apply, and the set-off was barred when pleaded. Cohen v. Shwarts, 32 S. W. 820; Richardson v. Vaughan, 86 Tex. 95, 23 S. W. 640; Guichard v. Superveile, 11 Tex. 522; Leavitt v. Gooch, 12 Tex. 96; Judd v. Sampson, 13 Tex. 20; May v. Pollard, 28 Tex. 679; Whittlesey v. Spofford, 47 Tex. 17; McCamant v. Batsell, 59 Tex. 363; Handel v. Macdonell, 25 S. W. 133.

The other assignments are without merit. All the assignments are overruled. The judgment is affirmed.