## DILLARD v. DUGGER GROCERY CO.
### (No. 6383.)

(Court of Civil Appeals of Texas. Austin. May 25, 1921. Rehearing Denied June 15, 1921.)

1. **Limitation of actions** ⟢29(2)—**Chili parlor proprietor not a "merchant" within statute of limitations.**

Proprietor of chili parlor who also sold soda water and near beer in connection with his chili business *held* not a "merchant" within Rev. St. 1911, art. 5687, § 5, and article 5688, § 3, fixing period of limitations for actions on mutual and current accounts between "merchant and merchant."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchant.]

2. **Limitation of actions** ⟢29(2) — **Watch, watch fob, and pistol turned over to creditor by chili parlor proprietor not "merchandise" within statute of limitations.**

A watch, watch fob, and pistol turned over to his creditor by a proprietor of a chili parlor *held* not "merchandise" within Rev. St. 1911, art. 5687, § 5, and article 5688, § 3, fixing the period of limitations as to an action on mutual and current accounts concerning the trade of "merchandise" between merchant and merchant, since chili parlor proprietor was not dealing in such articles, but merely gave them as his personal possessions to his creditor toward payment of his account.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merchandise.]

3. **Limitation of actions** ⟢29(2)—**Chili parlor proprietor's delivery of bottles and cases to creditor as payments did not make his account a "mutual and current account concerning the trade of merchandise" within statute of limitations.**

That chili parlor proprietor was given credit for near beer bottles and cases delivered by him to his creditor on two separate occasions did not make the creditor's action against him one on a "mutual and current account concerning the trade of merchandise" within Rev. St. 1911, art. 5687, § 5, and article 5688, § 3, fixing the period of limitations for an action on such an account, there being in such case but one account, and the delivery of the bottles and cases being merely payments thereon.

---

⟢For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Appeal and error �köⁿ1175(3) — Judgment for defendant on reversal where action barred by limitations.**

Where the case had been fully developed showing plaintiff's action to be barred by limitations, the Court of Civil Appeals in reversing judgment for plaintiff will not remand the cause, but will render judgment for defendant.

Appeal from District Court, McLennan County.

Suit by the Dugger Grocery Company against Thompson Dillard. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

W. L. Eason, of Waco, for appellant.
John McGlasson, of Waco, for appellee.

BRADY, J. Appellee sued appellant on a verified account, which was denied under oath, and limitation was also pleaded as a defense. The case was submitted to a jury upon two special issues. The findings were that the appellant was indebted to appellee in the amount of $500.41, upon mutual and current accounts, concerning the trade of merchandise between merchant and merchant.

The trial court sustained special exceptions to the effect that the account appeared on its face to be barred by the two-year statute of limitation. However, the issues above mentioned were submitted, evidently upon the theory that the pleadings and evidence raised the issue that the transactions constituted mutual and current accounts between merchant and merchant.

[1, 2] We have concluded that there was no basis in the evidence for the submission of such an issue, nor indeed of any issue, and that appellant was entitled to a peremptory instruction upon his plea of limitation. In the first place, appellant, as to his principal business, was not a merchant, within the meaning of section 5, art. 5687, or section 3, art. 5688, Rev. Stat. He was running a chili parlor and was no more a merchant than would be a boarding house keeper or hotel keeper. Nor was he engaged in the trade of merchandise in respect to most of the articles which appellee received from him as payments or credits upon account. As to the watch, the watch fob, and the pistol, he was not dealing in any of these articles. They were merely personal possessions which were turned over as payments.

[3] There is evidence, however, that appellant also sold soda water, in connection with his chili business, and at one time near beer. Part of the credits given him by appellee consisted of some near beer bottles and cases,

delivered to appellee on two separate occasions by appellant. Although the evidence is very meager as to appellant's having been engaged in selling near beer at the time or prior to the delivery of the bottles and cases to appellee for credit, it may have been sufficient to raise the issue that he was a merchant as to these articles. Therefore we will further consider the question upon that assumption.

To give the holder of an open account the benefit of the four-year statute of limitation, it is not enough that the transactions should be between merchant and merchant. The other necessary elements of the statute are that there must be "mutual and current accounts concerning the trade of merchandise." Here is where the appellee's case fails. If the isolated instances in which some bottles and cases were turned in for credit could be considered to have been between merchant and merchant, there was no evidence whatever that there were ever any existing mutual or current accounts between the parties. These transactions were but payments on account. There was never but one account. The exception to the two-year statute does not apply where the items of the account are unilateral, as in this case.

We do not hold that the mere failure of appellant to keep books or to charge appellee with the items of credit would control the question. Our holding is that the undisputed evidence shows there was no occasion to do so. There was no open running account on both sides, with mutual credits, but simply a few instances of payment on account by merchandise, by one party only. The principles announced in the following cases are deemed decisive of the questions: Richardson v. Vaughan, 86 Tex. 95, 23 S. W. 640; Dwight v. Matthews, 94 Tex. 536, 62 S. W. 1052; Whittlesey v. Spofford, 47 Tex. 16; Judd v. Sampson, 13 Tex. 19; Guichard v. Superveile, 11 Tex. 522; May v. Pollard, 28 Tex. 679; Leavitt v. Gooch, 12 Tex. 95; Regan v. Bonham, 4 Willson, Civ. Cas. Ct. App. 66, 15 S. W. 502; Cohen v. Shwarts, 32 S. W. 820; Handel v. MacDonell, 25 S. W. 134; Neal v. Golston, 197 S. W. 1124.

[4] Having reached the conclusion indicated, and the case having been fully developed, no useful purpose is apparent to us for remanding the case. While it is pleaded that the account was in writing, the evidence shows that the writings relied upon were nothing but mere receipts, signed by the buyer, acknowledging delivery of the goods.

The judgment is reversed, and here rendered for appellant.

Reversed and rendered.