**OPPENHEIM v. HOOD, Sheriff, et al.**

**No. 10857.**

Court of Civil Appeals of Texas. Dallas.
Nov. 8, 1930.

Rehearing Denied Dec. 6, 1930.

266

Wm. Flippen and Jno. T. Gano, both of Dallas, for appellant.

John Davis, of Dallas, for appellees.

VAUGHAN, J.

Appellant, A. F. Oppenheim, on June 30, 1930, applied for and obtained a temporary writ of injunction against appellees, H. A. Hood, sheriff of Dallas county, and the Swinehart Tire & Rubber Company of Tennessee, a private corporation (hereinafter referred to as appellee company), restraining appellees from selling or causing to be sold certain real estate owned by appellant, which had been levied upon by said sheriff at the instance of appellee company under a judgment rendered in favor of appellee company against appellant. Said writ was granted solely upon the allegations of appellant's petition, the material facts alleged being as follows: That appellee company had secured the issuance of an execution on a judgment rendered by the county court at law No. 1 of Dallas county, Tex., in the case of Swinehart Tire & Rubber Company v. A. F. Oppenheim, in favor of the plaintiff therein, and had delivered same to appellee Hood, sheriff of Dallas county, Tex., who had levied upon certain real estate owned by appellant, viz., lot No. 1 and one-half of lot No. 4, and being the one-half next to lot No. 1, all in block 12 of the city of Dallas; that said sheriff had given notice that he would proceed to sell said property under said execution; that said judgment so rendered was void, in that the amount involved in the suit upon which same was based was in excess of the jurisdiction of said county court; that, as the want of such jurisdiction affirmatively appeared on the face of the pleadings in such suit, it was not necessary that appellant should raise same by plea in abatement, or otherwise; appellant further alleged that appellee company, as plaintiff in said suit in the county court, sued on an account alleged to be in the principal sum of $986.84, and prayed for interest thereon, the allegations in these respects being as follows: "That the said goods, wares and merchandise were at the time of the sale and delivery thereof reasonably worth the several sums of money charged therefor in said account specified, amounting to the sum of Three Thousand Two Hundred and Four Dollars and Forty-Two Cents ($3,-204.42); that said statement is entitled to credits in the aggregate sum of $2217.58, leaving a net balance due in the sum of $986.-84; that all of said debits and credits are shown by the statement attached hereto and marked Exhibit 'A'; that said account is past due and unpaid and defendant, though often requested, has hitherto failed and refused and still refuses to pay the same or any part thereof to plaintiff's damage in the sum of One Thousand Dollars ($1,000)," and prayed for judgment for its debt in the sum of $986.-84, with interest and costs of suit, and such other and further relief, both special and general, in law and in equity, that it may be justly entitled to; that said appellee company further alleged that the itemized account attached to the petition filed therein was due and payable either on January 1, 1927, on the items that accrued prior to such date, or that same was due, at the latest, on April 1, 1927. Appellant further alleged that the larger portion of said account had accrued prior to January 1, 1927; that the petition in said county court was filed in September, 1927; that the interest prayed for accrued prior to the filing of said suit; that whether figured on the basis of the amounts of same accrued prior to January 1, 1927, with interest thereon from that date, or on the whole of such amount from April 1, 1927, when added to the principal sum sought to be recovered, exceeded the amount of $1,000, the limit of the jurisdiction of said county court; that the question of jurisdiction was not raised in said county court; that judgment was rendered by said court for appellee company for the sum of $986.84, with interest thereon at 6 per cent. per annum from January 1, 1928, said appellee thereby attempting to eliminate the question of interest sued for; that the judgment rendered in said county court suit involved an amount in excess of the jurisdiction of said court for the additional reason that the petition filed therein showed unexplained credits allowed of over $1,900, simply speaking of them as "less 10%" and "less 5%," throughout without any explanation as to why such credits were allowed or permissible; that appellee company was not entitled to allow unexplained credits merely for the purpose of establishing jurisdiction in said county court. Appellant further alleged that he appealed from said judgment of the county court to the Court of Civil Appeals on

questions other than the matters of jurisdiction, which appeal was determined adversely to appellant by the Eighth Court of Civil Appeals, 22 S.W.(2d) 991; that thereafter he filed a motion for rehearing in which, for the first time, he raised said question of jurisdiction; that said Court of Civil Appeals, without a written opinion, overruled said motion for rehearing; that thereafter said appellant applied to the Supreme Court for writ of error, in which he presented as one of his grounds for said writ the action of said Court of Civil Appeals in refusing to grant said motion on the grounds that the trial court did not have jurisdiction to hear and determine said original suit; that said application was dismissed by the Supreme Court; that, under the disposition made of his said motion for rehearing by said Court of Civil Appeals, and of his petition for writ of error by the Supreme Court, said courts refused to consider said question of jurisdiction.

The order appealed from, dissolving said temporary writ of injunction, was entered by reason of the following material allegations made in appellee company's sworn answer and motion to dissolve said injunction, denying all of the material allegations contained in appellant's petition (except the allegations as to the court proceedings had, which were admitted by said appellees to be true, except as to the allegations of failure of the appellate courts to properly consider and pass upon appellant's motions for rehearing and petition for writ of error, which were denied), viz.: That appellee company's suit in said county court was on an open account, consisting of items of debits and credits beginning November 8, 1926, and ending with August 30, 1927, on which there was a balance due September 8, 1927 of $986.84, which amount was sued for; that the debits itemized in said account amounted to $3,204.42, and the credits to the sum of $2,217.58; that on September 29, 1928, a judgment was rendered in said county court against appellant in favor of appellee company for the sum of $986.84, with interest thereon at 6 per cent. per annum from January 1, 1928, and costs of court.

Appellee company, in reference to the credits challenged by appellant as having been entered in the account for the purpose of conferring jurisdiction upon the county court, alleged that the following testimony of one of its witnesses, given by deposition, was introduced on the trial had in said county court: "As stated, Exhibit A is a correct copy of the account indicated as it appears on plaintiff's books, and said account, as it appears on said books, is correct. The total debits amount to $3204.42, and the total credits amount to $2217.58. True and correct copies of invoices covering the first twelve debit items on the account are annexed hereto and initialed by myself and marked 'AMS-2 et seq., to AMS-13', inclusive. The nature of the last two debit items on the account is shown on the face of the account. All of the credit items are merchandise returned by the defendant to the plaintiff, or price reductions credited to the defendant, except the credit of $400.00 on April 16, 1926. This $400.00 is the only money ever paid by the defendant to the plaintiff on the account."

Appellant's petition filed in the instant case contains the following significant allegations: "After the case was tried the plaintiff had judgment entered only with interest from January 1, 1928, thereby attempting to eliminate the question of interest sued for, but the petition is filed prior to January 1, 1928, prays for interest thereon, in other words, for interest allowed it under the law."

■ Appellee company did not sue for interest by way of damages, but for interest authorized by a positive statutory provision, viz., article 5070, R. S. 1925, which in part reads: "* * * Interest at the rate of six per cent per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made." Was the account involved an open account within the meaning of the above statutory provision, whereby said account bore interest as a matter of law under the provisions of said Article 5070? This we think must be answered in the affirmative. Said account was composed of debits in favor of appellee company and credits in favor of appellant, extended over quite a period of time, and had not been agreed to by the parties thereto so as to become a stated account. From the items of debits and credits composing said account, we are justified in holding that same consisted of a series of transactions, continuous and concurrent, and in no respect had same become closed or stated when the suit thereon was instituted in the county court. Therefore, it was an open, mutual, and concurrent account, having every element required under the holdings of the courts of this state to so constitute same such an account. McCamant v. Batsell, 59 Tex. 368; Goodwin v. Harrison, 6 Ala. 438; Whittlesey v. Spofford, 47 Tex. 17; Dwight v. Matthews, 94 Tex. 533, 62 S. W. 1052, 1053; 1 C. J. 601.

■ Under Article 5070, supra, interest therein provided to be allowed on an open account is not recoverable from the date an account is due as damages for nonpayment, but simply as "compensation allowed by law * * * for the use or forbearance or detention of money"; and therefore is legal interest, in that it is interest allowed by law where the parties to a contract had failed to agree upon any particular rate of interest. Article 5069, R. S. 1925.

Interest sought and recovered as interest eo nomine, viz., interest in its own name, is interest specially provided for by statute, and, regardless, of the amount of such interest, same is not to be considered in determining whether or not the amount sued for is within the limit of the court's jurisdiction. This because interest eo nomine is the interest referred to and included within the constitutional provision fixing the jurisdiction of the county court, viz., section 16, art. 5, of our state Constitution, which in part reads as follows: "The county court shall have * * * concurrent jurisdiction with the district court when the matter in controversy shall exceed five hundred dollars, and not exceed one thousand dollars, exclusive of interest." In the case of Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 378, 33 L. R. A. 163, our Supreme Court, having under consideration the above constitutional provision, which called for a construction thereof in reference to the words "exclusive of interest," held "that it was intended to apply to cases in which interest is expressly given by statute, and not those in which the rate of interest is merely taken as a standard by which to measure in part the damages to be recovered." To the same effect are the holdings in the following cases: Schulz v. Tessman et al., 92 Tex. 488, 49 S.W. 1031; McDaniel v. National Steam Laundry Co., 112 Tex. 54, 244 S.W. 135; Heidenheimer v. Ellis, 67 Tex. 426, 3 S.W. 666; Ft. Worth & Rio Grande Ry. Co. v. Mathews, 108 Tex. 228, 191 S.W. 559.

We therefore hold that the interest sued for was interest eo nomine and not to be considered in determining the limit of the jurisdiction of said county court of appellee company's cause of action. Furthermore, we are of opinion that the language of appellee company's petition filed in the county court is susceptible of the construction that appellee company sought and asked for a recovery of $986.84, as the principal sum due it on the account declared upon in said original suit, with interest on said principal sum within the terms of article 5070, supra, and did not seek to recover of appellant the sum of $986.84, with interest thereon as part of the judgment sought by it against appellant. Hence, we adopt the construction contended for by appellee company, as same will support the county court's jurisdiction of said suit. Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 177 S. W. 1103.

The trial court did not err in dissolving said temporary writ of injunction issued June 5, 1930, against appellees, and its judgment is in all respects affirmed.

Affirmed.