## MAYTAG SOUTHWESTERN CO. v. MOORE.

### No. 4246.

Court of Civil Appeals of Texas. Amarillo.

June 25, 1934.

Rehearing Denied Sept. 10, 1934.

Neary & Rogers and Russell V. Rogers, Jr., all of Dallas, for appellant.

McWhorter & Howard, of Lubbock, for appellee.

JACKSON, Justice.

The appellee instituted this suit in justice court, precinct No. 1, in Lubbock county, on October 26, 1932, against the appellant, Maytag Southwestern Company, and recovered a judgment for $195 with interest from date thereof at the rate of 6 per cent. per annum. The appellant appealed to county court and appellee again recovered, and the judgment of the county court is before us for review.

The pleadings of appellee in both courts were oral.

The appellant filed a written answer in county court, pleaded general denial, and alleged that in February, 1928, it sold and delivered to appellee one new Maytag washing machine and accepted in part consideration therefor appellee's note and retained a chattel mortgage on the machine to secure the payment thereof. That appellee made certain payments on the note, which was extended from time to time. That on October 24, 1932, the Maytag Southwestern Company as plaintiff filed suit in justice court, precinct No. 1, of Dallas county, against J. H. Moore as defendant, and on November 14th thereafter recovered a judgment against him for the balance due and the foreclosure of its chattel mortgage under which judgment the machine was sold in compliance with law, and by reason thereof the appellee is estopped to prosecute this suit, since any right he had could have and should have been litigated in the suit in justice court in Dallas county. The appellant also pleaded that the machine sold was new, capable of doing the work for which it was intended, and any failure to so perform such work was due to the fault and negligence of the appellee.

In response to special issues submitted by the court, the jury found, in effect, that the washing machine was not in good working order and not capable of doing the work for which it was sold at the time of its delivery in 1928; that in March, 1932, when the note and chattel mortgage were executed and on which judgment was thereafter had in justice court, Dallas county, the appellant promised the appellee as a consideration for the execution thereof that it would place the machine in a condition so that it would perform the services for which it was intended; that after the machine was reworked it failed to reasonably perform such services; that such failure resulted in damage to appellee in the sum of $195.

On these findings judgment was rendered for appellee for the damages found by the jury.

■ Appellee's pleadings were oral, and appellant's assignments based on objections to the charge of the court presenting issues not pleaded, and its exceptions to the admission of testimony because not authorized by the pleadings, are overruled; since, in the absence of an affirmative showing to the contrary, it is the duty of this court to presume that the pleadings were sufficient to warrant such charges and admit such testimony. Caffarelli Bros. v. Lyons Bros. Co. (Tex. Civ. App.) 199 S. W. 685; Jones Hdwe. Co. v. Telford (Tex. Civ. App.) 63 S.W.(2d) 735.

■ Appellant assails as error the action of the trial court in rendering judgment against it because appellee, having failed to present the matter relied on for a recovery in the instant case, in the suit brought against him by appellant in the justice court of Dallas county, such matters became res adjudicata and appellee is not entitled to recover thereon.

The appellee, J. H. Moore, made no appearance and filed no answer in the suit in the justice court of Dallas county, and while the questions of fraudulent representation and breach of warranty could have been urged in said suit, not having been presented and passed on, did not become res adjudicata. "It is well settled that a judgment in favor of a plaintiff suing on an account for goods purchased or on a note given in part payment thereof, will not bar subsequent prosecution by the defendant of his unpleaded claim of damages for breach of warranty or breach of contract or for the making of false representations." 26 Tex. Jur. 173 § 435, and numerous authorities therein cited.

■ The appellant urges as error the action of the court in refusing to direct a verdict in its behalf, because the evidence failed to show the difference in the value of the machine as sold and its value as warranted or the difference in the value of the machine sold and the price paid.

The contention is also made that if appellant was not entitled to a directed verdict, the court erred in failing to instruct on the measure of damages but permitted the jury to determine without a guide the rights of the parties.

The testimony is that the appellee kept the machine and made payments on the note, aggregating $195, on the continued and repeated representations of appellant that it would fix the machine so it would do the work for which it was sold. That appellant made numerous efforts at various times to fix the machine, but never succeeded. There is no testimony that the machine, in the condition it was, had any rental value or its attempted use by appellee was of any value to him or that he damaged it while in his possession. The appellant repossessed the machine through court and had it sold.

In Alexander v. Walker (Tex. Civ. App.) 239 S. W. 309, 314, the court says: "There seems to be no evidence introduced to show what would have been the difference in the value of the cattle in their diseased condition, had they been handled with reasonable care, and their value after being handled as they were handled, nor any pleading to authorize such an issue, and it was not error in the court to fail or refuse to submit such issue."

Under the record the appellee was induced to buy the machine by false representations. He was induced to keep the machine in his possession and make payments from time to time on repeated representations. The machine was repossessed, and in the absence of a showing that it was abused or its use had some value, appellee was entitled to recover the amount he had paid on the purchase price. Fuller v. Cameron (Tex. Civ. App.) 209 S. W. 711; Way et al. v. Siddall et al. (Tex. Civ. App.) 299 S. W. 313; Shield Co., Inc., v. Carter et ux. (Tex. Civ. App.) 58 S.W.(2d) 1068. There is neither pleadings nor proof that the first contract was abrogated. The appellant alleges that it was extended from time to time.

In Powell et ux. v. Rockow et al. (Tex. Civ. App.) 58 S.W.(2d) 536, 539, it is said: "It was the duty of appellants to raise the is-

sue by an affirmative plea that appellees had ratified the contract; that the furniture and furnishings had been abused by appellees; that it was tendered back in a worse condition than when received; that appellees had profited by their occupancy and operation of the hotel; that they had retained revenues and benefits that should be accounted for."

 The appellant's assignment, urging as error the action of the court in permitting the appellee to ask and the witness to answer a leading question pertaining to the custom of appellant, is overruled. No issue of custom was submitted and, independent of the testimony objected to, the evidence amply supports the findings of the jury.

The judgment is affirmed.